Elizabeth **DITRICH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5499.

United States Court of Appeals Tenth Circuit.

April 5, 1957.

**730**

Walter B. Phelan, Cheyenne, Wyo., for appellant.

John F. Raper, Jr., Cheyenne, Wyo. (William G. Walton, Cheyenne, Wyo. was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant appeals from a judgment and sentence after conviction on an information charging that she "did knowingly and unlawfully transport, cause to be transported and did aid and assist in transporting" from Topeka, Kansas, to Casper, Wyoming, two women "for the purpose of prostitution and other immoral purposes" in violation of Section 2421 of Title 18, U.S.C.

■■ Initially, appellant challenges the sufficiency of the evidence to support the verdict. In the determination of that issue, we are guided by the oft repeated rule that "in the trial of a conventional criminal case, it is the province of the jury to observe the witnesses, to appraise their credibility, to weigh their testimony, to draw reasonable inferences from established facts, to resolve conflicts, and to determine the ultimate question whether the guilt of the accused has been established beyond a reasonable doubt." Wilcoxon v. United States, 10 Cir., 1956, 231 F.2d 384, 385; Evans v. United States, 10 Cir., 240 F.2d 695; Seefeldt v. United States, 10 Cir., 1950, 183 F.2d 713. And, we need only analyze the evidence tending to support the judgment. Madsen v. United States, 10 Cir., 1947, 165 F.2d 507, 511.

■ Briefly, there was competent evidence to the effect that the appellant, for two years prior to her arrest, was a successful, itinerant prostitute, and Allen Bayless, whom she supported, was her constant companion. In July 1955, she engaged in prostitution with Ruby Freeman in Topeka, Kansas, and Kansas City, Missouri. During that time, she met and asked Vivian Lacey to accompany her, Allen and Ruby to Casper, Wyoming for the purpose of engaging in prostitution. She told both victims that she had the "trick" clothes necessary for plying their trade and did in fact furnish them. A few days before departure, Ruby Freeman married Alvin Bayless, twin brother of Allen, who temporarily remained in Topeka. The party traveled in Allen Bayless' car (purchased with appellant's money) bearing license tags previously issued to appellant on another car. En route, both Allen Bayless and the appellant extolled the monetary benefits of prostitution, and upon arrival the appellant registered the two women in a hotel under assumed names, advising them in the arts of prostitution. The three women did thereafter engage in prostitution. From this it is clear that the evidence adequately sustains the conviction.

And, our view in this regard disposes of the contention that the evidence at

most establishes a conspiracy, not a substantive offense.

Additionally, the appellant contends that prejudicial error was committed by receiving into evidence a prior written statement of appellant's witness, Ruby Freeman Bayless, which allegedly impeached the witness. A proper predicate was not laid, says the appellant, since the written statement was not contradictory to her direct testimony. But the tenor of her testimony was to the effect that she went voluntarily to Casper for the dominant purpose of seeing a rodeo, whereas the written statement made to the investigating officers clearly reflects that the efficient and compelling purpose was to make easy money by prostitution.

■ Alternatively the appellant says it was prejudicial error to admit the statement because the witness, having admitted signing it, and it having been read to the jury on cross-examination, no further proof was necessary. It is true that if the witness confesses or admits having made the prior inconsistent statements, there is no necessity for further proof, as by the admission of the prior inconsistent written statement. See 58 Am.Jur., Witnesses, § 780, p. 430. But, in our case, the witness, although admitting that she had signed the statement, declined to say whether she had made the statements contained therein. In this posture, it was proper to admit the prior statement into evidence for impeachment purposes. 58 Am.Jur., Witnesses, § 781, p. 431; cf. Chicago, M. & St. P. Ry. Co. v. Harrelson, 8 Cir., 1926, 14 F.2d 893, 896.

Error is further predicated on the instructions to the jury concerning the evidential value of the written statement. The trial judge explained that the statement was admitted for the purpose of impeaching the witness, and that if they believed the contents, they might consider them as evidence; but if they believed that the statement was made through fear or promise of immunity, they should disregard it.

■ While this instruction may have vicariously allowed the jury to treat the statement as substantive evidence in contravention of the general rule, see Annotation, 133 A.L.R. at p. 1455, no objections or exceptions were made to it as provided in Rule 30, Federal Rules of Criminal Procedure, 18 U.S. C.A. And see Hayes v. United States, 10 Cir., 1956, 238 F.2d 318, and cases cited therein; Morlan v. United States, 10 Cir., 1956, 230 F.2d 30. We do not think the error, if it be such, sufficiently grievous to justify our notice of it in order to prevent a gross miscarriage of justice. See Madsen v. United States, supra, 165 F.2d at page 510, and cases cited therein; and see Screws v. United States, 325 U.S. 91, at page 107, 65 S.Ct. 1031, 89 L.Ed. 1495.

The judgment is therefore affirmed.