Thomas MORRIS and Roy El Ballentine,
Appellants,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Sept. 25, 1970.

Rehearing Denied Dec. 11, 1970.

Nat Ryan Hughes, Murray, Mahlon R. Shelbourne, Paducah, for appellants.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, J. Albert Jones, Paducah, James Barr, Asst. Atty. Gen., Frankfort, Ky., for appellee.

MILLIKEN, Judge.

A jury found the appellants, two married men, Roy El. Ballentine and Thomas Morris, guilty of the rape of a nineteen-year-old girl, and fixed their sentences at ten years, the minimum under KRS 435.090. They appeal, alleging that the verdict was not supported by the evidence, that the jury should have been discharged because of an outburst by the girl's father during the trial, and that the testimony of certain character witnesses was not relevant to the issue.

The prosecutrix, Nancy Jean Thorn, alleged that she was raped by the appellants and one other man whom she did not know after leaving her home for a date with the appellant Ballentine. The defense presented by the appellants was that Miss Thorn consented to sexual relations with them. They contend there was no third

man. Character witnesses for Miss Thorn established that she attended Sunday school regularly and was cooperative and diligent in her school work; they were not aware of any bad reputation on her part. Witnesses for the defense stated that she had had intercourse with young men on previous occasions, which she denied.

It is unnecessary to go any further into the facts of the case since as the Commonwealth argues the question of the sufficiency of the evidence raised by the appellants is not a proper issue in controversy, because they failed to raise the issue in the trial court. In Hatton v. Commonwealth, Ky., 409 S.W.2d 818 at 819 (1966) this court stated, "Appellant did not move for a directed verdict or a peremptory instruction, nor did he move for a new trial. Since he failed to raise the question of the sufficiency of the evidence in the trial court, this claim of error is not properly before us on appeal." See also Hart v. Commonwealth, Ky., 296 S.W.2d 212 (1956).

When the prosecutrix was asked on cross-examination how a man could have intercourse with her while two men in the front seat were holding her legs, her upset father interrupted with an outcry. The court said, "You will have to be quiet or else leave the courtroom" and admonished the jury "not to consider anything that might have been said by anyone other than the witness in this case." In view of this incident, the appellants argue, their motion to discharge the jury should have been sustained. They contend this outcry by an upset father was bound to have affected the judgment of the jury and "stimulated the innate repulsiveness of the situation." From the cases cited by the Commonwealth, Stumph v. Commonwealth, Ky., 408 S.W.2d 618 (1966) and Taylor v. Commonwealth, 269 Ky. 656, 108 S.W.2d 645 (1937) and those contained in 6 Ky. Digest Criminal Law 659, it appears that the action taken by the trial judge in this case was sufficient to protect the rights of the accused. In Stumph, 408 S.W.2d at 619

we said, "Upon the occurrence of a spectator crying out a denial to a statement being made by a witness on the stand, the trial court should take appropriate action against such offender and admonish the jury not to consider such conduct even without an objection or motion for admonition * * *". However, in Stumph the appellant's failure to object precluded appellate review. In Taylor v. Commonwealth, Ky., 108 S.W.2d 645 (1937) this court refused to reverse a voluntary manslaughter conviction on the grounds that two female relatives of the deceased began screaming and crying when his clothes were introduced into evidence, because the women were removed from the courtroom, and the jury admonished not to be influenced by their crying. The appellants in the case at bar received the minimum sentence.

Appellants contend that such persons as a minister and school teachers who were character witnesses for Miss Thorn never see or hear of that area of young peoples' lives that involves intimacy and sex; this objection goes to the weight to be given their testimony, not its competency. Furthermore, the Commonwealth correctly notes that appellants failed to object to the testimony of these persons, and therefore the issue is not preserved for review. See Patrick v. Commonwealth, Ky., 436 S.W.2d 69, 74 (1968) wherein the court stated "(a) defendant cannot await the verdict of the jury before presenting an objection to improprieties that occurred during the trial * * *". For similar cases see 6 Ky. Digest Criminal Law 1035 and 1036; see also Ferguson v. Commonwealth, Ky., 373 S.W.2d 729 (1964) wherein the appellant futilely complained that the jury was permitted to consider incompetent and prejudicial testimony and where the court said, "(we) cannot review this alleged error because no objection was timely made and therefore it must be considered waived."

The appellants admitted having had intercourse with Nancy Jean, but denied

they accomplished it by force. Considerable evidence was introduced to the effect that Nancy Jean was promiscuous. Grave doubt was thrown on the truth of Nancy Jean's story, yet a physician who examined her the evening of the alleged rape said she was bruised and that there was sperm in her vagina, but he could not conclude how long it had been there nor when the bruises had been incurred, nor whether the intercourse was accomplished by force. In the light of the aforesaid testimony, we conclude that the verdict of the jury was sustained by sufficient evidence.

The judgment of conviction is affirmed.

All concur.