**Willie Floyd BARNES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 29, 1971.

John S. Deering, William Hill Mackey, Nicholasville, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooton, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

Willie Floyd Barnes appeals from a judgment of conviction under an indictment charging him with rape. He was given 20 years in prison.

As we interpret appellant's brief, the sole argument on this appeal questions the sufficiency of the evidence to support the verdict and the judgment.

Briefly the facts are as follows. On August 24, 1970, Mrs. Vivian Whallen parked her automobile on South Upper Street in Lexington, Kentucky, for the purpose of doing business in a nearby establishment. Upon her return to her automobile, she says, the appellant, Willie Floyd Barnes, approached her and said he was an escaped convict, had a gun in his pocket, and would as soon shoot her as to turn around. She stated that appellant told her that he wanted her to take him out of town, which she proceeded to do. They ended up in a corn field near Nicholasville in Jessamine County where Mrs. Whallen says appellant forcibly and against her will and without her consent had sexual intercourse with her. That act having been accomplished, they drove to Nicholasville. While driving through the city, the appellant observed a lady with whom he was acquainted and proceeded to get out of the car to talk to her. As soon as he was clear of the car, Mrs. Whallen "scratched off," drove to a drugstore a few blocks away, and called the police and reported that she had been raped. She submitted to examination by a doctor who gave evidence supporting her theory that she had recently had sexual intercourse. Within a short time, the local police stopped the appellant who was discovered walking along the highway leading back toward Lexington, Kentucky. The foregoing is substantially the evidence for the prosecution.

The appellant's version of the case is diametrically opposed to that of Mrs. Whallen in that he stated he got in the car with Mrs. Whallen at her request; a number of people were around when they got in the car and she did not sound any alarm; she freely and voluntarily drove the car to Jessamine County and consented to and, in fact, promoted the act of sexual intercourse.

From the foregoing, and there was more, it is clear that a jury situation was presented and that the Commonwealth presented to the jury substantial evidence upon which it could and did convict the appellant. Under our well-known case law, this court should not disturb the jury's verdict. Morris v. Commonwealth, Ky., 459 S.W.2d 589 (1970).

The judgment is affirmed.

All concur.