**John Cristobal DURAN, Appellant**
**(Defendant below),**

**v.**

**The STATE of Wyoming, Appellee**
**(Plaintiff below).**

**No. 4576.**

Supreme Court of Wyoming.

March 4, 1976.

---

King Tristani, Asst. Public Defender, Laramie County, Cheyenne, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and James L. Edwards, Legal Intern, Cheyenne, for appellee.

Before GUTHRIE, C. J., and. McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Defendant was convicted of assault and battery while armed with a dangerous or deadly weapon, committed upon his ex-wife, Olivia Montoya, by shooting her with a pistol in violation of § 6–70B, W.S.1957.

■ Defendant raises two questions in his appeal, seeking reversal of a guilty verdict and sentence. He contends that the trial court should have given a "requested instruction advising the jury of the consequences of a verdict of not guilty by reason of mental illness or deficiency." Although he recognizes that this was decided adversely to his position in *Lonquest v. State*, Wyo., 495 P.2d 575, certiorari denied 409 U.S. 1006, 93 S.Ct. 432, 34 L.Ed.2d 299, he now asserts that because of procedural changes which affect the disposal of a defendant after such verdict (§ 7–242.-6(a), W.S.1957, 1975 Cum.Supp.), it is proper that such an instruction be given. The reasons given in the *Lonquest* case, at 584, are equally applicable to the changed statutory scheme, and such an instruction would be improper.

■ The second claim asserts that there was prejudicial error occurring in the remarks of an attorney for the State in his argument, and that this amounts to a comment on the defendant's failure to testify. The portion of the argument upon which this claim was based is as follows:

"There is [sic] many points of innuendo in cross examination by counsel relative to the conduct of Mrs. Montoya. Some name like William Vigil kept creeping up. I don't know why. Is there anything put on by the defendant, by William Vigil?"

After objection, the court admonished the jury in these words:

" * * * You are so instructed, counsel, and the jury are reminded of the instruction of the court which provides that the defendant has no obligation to produce any evidence of any nature and may rely entirely upon cross examination of witnesses for the state, and any suggestion by counsel that the defendant had such an obligation to produce evidence you will disregard."

And this was followed by the attorney representing the State explaining his comment in these words:

"I don't think I was trying to tell you that they have an obligation to put on anyone; I think I am commenting on

the evidence, I have a right to do that. You cannot draw any inferences from that. All I am saying is that there has been nothing presented to the contrary. * * *"

The judge admonished the jury, apparently to the satisfaction of counsel, as he raised no further question; and we find that this argument was not error under the rule of *Oldham v. State,* Wyo., 534 P.2d 107, 111, 112.

The judgment is affirmed.