**Kent GALLUP, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4656.**

Supreme Court of Wyoming.

Feb. 4, 1977.

Gerald M. Gallivan, Director, and Robert P. Dixon, Senior Law Student, Defender Aid Program, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Thomas J. Carroll, Legal Intern, Crim. Div., and Frank R. Chapman, Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Kent Gallup, appellant herein, was convicted of first degree rape under § 6–63(A), W.S.1957, 1975 Cum.Supp., and was sentenced to a term of not less than four nor more than ten years. He raises only two issues, which are:

"Whether the defendant was deprived of a fair trial, and thus due process of law, by virtue of the conduct of a witness for the State and a spectator.

"Whether it was proper for defendant's counsel to exercise his discretion in refusing to call certain witnesses."

The record reflects that during cross-examination of the female complainant the following occurred:

"Q. How long did he have his sexual organs inside of yours? A. I don't know.

"(Whereupon, the witness started crying. There was an altercation between a male subject from the courtroom seating area and the Defendant. The Deputy Sheriffs interceded. The gentleman was later identified to be the father of * * * the present witness.)

"COURT: Put that man in jail. This Court is in recess.

"(Recess at 11:10 a. m.)

"(Whereupon, Court was in session at 11:30 a. m.)

"COURT: Ladies and gentlemen: I want to admonish you to utterly disregard the interruption. It is not evidence. It has nothing to do with the case. You are to consider only the evidence as presented. .

"You may continue, Mr. Wilmetti."

The witness then resumed the stand and no motion for mistrial was made, nor was any request made that the judge make any further or additional admonishment.

■ The trial judge is in a far superior position to assess the effect of any such occurrence upon the jury, as is the defendant's counsel. We must infer that the defendant's counsel considered the admonishment sufficient, *Duran v. State*, Wyo., 546 P.2d 434, 435; *Oldham v. State*, Wyo., 534 P.2d 107, 111. We have repeatedly held that after the verdict it is too late to raise objection, which must be made at the time of the trial, *Wright v. State*, Wyo., 466 P.2d 1014, 1017.

An earlier case enunciated a general rule applicable to disturbances by the audience, which is applicable in this case. In that case we said the trial judge is responsible for the maintenance of decorum in the courtroom, but has "A large measure of discretion * * * and its exercise will not be reviewed or disturbed on appeal un-

less it appears that prejudice resulted from the denial of a legal right," *State v. Spears*, 76 Wyo. 82, 300 P.2d 551, 560, citing 53 Am.Jur., Trial, § 42, p. 55. The trial judge having observed these proceedings and having determined an admonition was sufficient, we would be forced to speculate if we found this constituted prejudicial error, *State v. Spears*, supra. We have further repeatedly held it was necessary to raise such objections contemporaneously, *Wright*, supra. When defendant's counsel did not ask for further admonition or a mistrial, we cannot notice the same because to allow an attorney to sit silent and preserve a briefcase error for presentation at the appellate level is improper, *Booth v. Hackney*, Wyo., 516 P.2d 180, 184. We have examined many of the authorities cited by appellant, which in most cases are based upon a denial of a motion for mistrial, not a failure to grant a mistrial sua sponte. We cannot allow defendant or his counsel to place the burden of the defense upon a trial judge.

■ Appellant's second point, which he personally urges, arises from the action of his counsel in entering a stipulation with the State wherein it was agreed that two witnesses, one for the State and one for the defense, would give conflicting testimony as to the intoxication of the defendant. This testimony was summarized and presented to the jury, and the witnesses were not called. We find no objection made by defendant at that time, nor at any time until the filing of his brief, and comment that plaintiff's contention that counsel refused to call these witnesses has no basis in the record. The basis of this contention is the right to call witnesses, which he alleges is a personal right which his counsel could not overturn. Appellant's counsel, with commendable honesty, cites *McClendon v. People*, 174 Colo. 7, 481 P.2d 715, 719, which we view as citing the proper rule. The rule we extract therefrom is that in his defense of a defendant an attorney is governed by the wishes and commands of his client only in these particulars: Should he plead guilty? Should he waive a jury trial? Should he take the stand and testify? *McClendon* cites considerable authority and

suggests that counsel is the master of the proceedings except in these areas.

Appellant calls attention to authority that if the witness was crucial, a reversal may be necessary; however, we do not deem this evidence crucial because intent is not a necessary element of forcible rape, *Rhodes v. State*, Wyo., 462 P.2d 722, 727; *United States v. Thornton*, 162 U.S. App.D.C. 207, 498 F.2d 749, 753, and particularly cases cited under footnote 12. It may further be noticed that defendant remained silent at the trial and made no demand, nor does he allege he made any demand that the witnesses be called, and he is therefore held to have waived any objection, *Tompsett v. State of Ohio*, 6 Cir., 146 F.2d 95, 97, certiorari denied 324 U.S. 869, 65 S.Ct. 916, 89 L.Ed. 1424.

Because appellant alleged that his constitutional rights were violated under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution in both of his contentions, we have examined this area briefly to determine if there was plain error. These contentions do not meet the standards set out in *Hampton v. State*, Wyo., 558 P.2d 504. We hold that there is no "plain error" as contemplated by Rule 49(b), W.R.Cr.P.; and we have heretofore held that even claims of possible constitutional dimensions may not bring about plain error and that this must be applied most sparingly, *Hays v. State*, Wyo., 522 P.2d 1004, 1007.

The judgment is therefore affirmed.