350 So.2d 599 (1977)
STATE of Louisiana
v.
Errol Anthony DOMANGUE.
Nos. 59290-59292.
Supreme Court of Louisiana.
September 19, 1977.
Rehearing Denied October 21, 1977.
*600 Barron M. Whipple, Eddie N. Pullaro, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant Errol Anthony Domangue was charged with an attempted aggravated rape. After trial by jury on September 20, 1976 defendant was found guilty of attempted simple rape, and later sentenced as a multiple offender to twenty years at hard labor. Defendant relies upon eight assignments of error for reversal of his conviction.
*601 On February 15, 1976 the victim was awakened by a knocking sound at her front door. She assumed it was her common-law husband and attempted to go back to sleep. A short while later she discovered an intruder in her bedroom who jumped on top of her. She felt a knife at her neck which was subsequently rubbed over her body. As she attempted to push the intruder off of her, she felt a chain around the person's neck. The intruder sexually molested the victim but was interrupted short of intercourse by the return of the husband. The attacker fled out the rear door and jumped a fence. The husband flagged down a cruising police car, and the officers found the defendant in a vacant lot a short distance from the victim's house.

Assignments of Error Nos. 1 and 2
In Assignment of Error No. 1 defendant contends the trial judge erred in denying an oral motion for a continuance of a sanity hearing made on the ground that defense counsel had received one of the examining physician's reports on the day of the hearing. In Assignment of Error No. 2 defendant argues that the trial court erred in not concluding that the examinations of the defendant by the sanity commission conducted in the presence of a police officer were improper and void.
Prior to conducting the sanity hearing the record reveals some confusion concerning whether defendant continued in his desire to plead not guilty and not guilty by reason of insanity. However, the last entry in the record concerning this point (made just prior to voir dire) reveals that defendant abandoned the dual plea and desired to be tried on a plea of not guilty. Furthermore, absolutely no evidence was adduced by either the State or defense relative to the allegation that defendant was legally insane at the time of the commission of the offense. In Assignment of Error No. 1 defendant argues that the continuance was needed because his attorneys had received one doctor's report prior to the date set for the sanity hearing but had only received the supplement to that report on the day of the hearing. The supplement dealt with the physician's opinion concerning the defendant's sanity at the time of the commission of the offense. Likewise, the thrust of Assignment No. 2 is that the sanity examinations were invalid because the presence of the police officer tainted defendant's responses relative to his alleged insanity at the time of the commission of the offense. Since defendant abandoned his insanity defense and since the first two assignments concern errors in connection with the dual plea, we conclude that these alleged errors are moot. Accordingly, these two assignments do not present reversible error.

Assignment of Error No. 3
In this assignment defendant contends that the trial judge erred in refusing to permit defense counsel to inquire into the victim's past sexual relationships with men other than her common-law husband and the defendant. Defendant argues that past jurisprudence indicates that this is a proper line of inquiry when defendant relies upon the defense of consent. Nonetheless, R.S. 15:498, added by La.Acts 1975, No. 732, § 1, provides: "Evidence of prior sexual conduct and reputation for chastity of a victim of rape or carnal knowledge shall not be admissible except for incidents arising out of the victim's relationship with the accused." This amendment became effective on September 12, 1975, prior to the commission of the instant offense (February 15, 1976). Accordingly, the trial judge correctly limited such testimony to relationships with defendant.
This assignment lacks merit.

Assignments of Error Nos. 4 and 5
The investigating officers found a knife near to the point where defendant jumped the fence as he fled from the house. The officers testified that the knife had much less of an accumulation of moisture from dew than the surrounding areas. The victim initially testified that this knife looked like the knife used by the intruder but during cross-examination admitted that she never really saw the knife but only felt *602 it upon her body. In addition, the victim testified that a chain which the defendant was wearing at the time of the arrest felt like the chain she touched around the intruder's neck. When the State attempted to introduce these items into evidence the defense objected and argued that the proper foundation had not been laid. The objections were overruled and these rulings form the basis of Assignments Nos. 4 and 5 which will be treated together as they involve the same issues.
The defendant's arguments on these two assignments are based upon the contention that the testimony adduced at trial did not sufficiently connect these items to the alleged offense and the defendant. However, the knife was found shortly after the commission of the crime very near the fence over which the intruder climbed. In addition, the knife had much less dew accumulation than the nearby areas. The victim testified that the chain the defendant was wearing felt very similar to the chain worn by her attacker. Thus, the fact that the knife was found in close proximity to the fence over which the attacker escaped was relevant evidence and was admissible. Likewise, the victim sufficiently connected the chain worn by the accused with the chain worn by the attacker. The items themselves were demonstrative of relevant evidence and thus properly admitted.
These assignments lack merit.

Assignment of Error No. 6
In this jury trial defendant moved for a directed verdict after the close of the State's case in chief. The overruling of this motion forms the basis for this assignment of error. La.C.Cr.P. 778 formerly provided that a trial judge could direct a verdict for the accused in a jury trial. However, by La.Acts 1975, No. 527, § 1, C.Cr.P. 778 was amended to provide that only in bench trials could the judge direct a verdict at the close of the State's case; the portion of the former statute allowing a directed verdict to be made in a jury trial was repealed. Since this statute went into effect prior to the commission of the alleged offense and prior to trial thereon, the trial judge correctly refused to grant the motion for a directed verdict.
This assignment lacks merit.

Assignment of Error No. 7
During closing argument by defense counsel the common-law husband of the victim began to cry. No verbal outburst occurred. After some time the prosecutor noticed that the man was upset and had him removed from the courtroom. The defense counsel requested that the jury be removed and then moved for a mistrial contending that the man's actions constituted "prejudicial conduct" within the meaning of C.Cr.P. 775. The trial judge noted that the crying was hardly audible and that he did not become aware of it until it was called to his attention. At this point the man was immediately escorted from the courtroom. The judge also noted that the conduct was not verbal and that the jury could not have made any inferences from the man's actions. Accordingly, the judge refused to order a mistrial but, after obtaining defense counsel's consent, admonished the jury to disregard the incident and not to draw any conclusions from it. This ruling forms the basis of Assignment of Error No. 7.
It has been consistently held that when the conduct does not fall within the mandatory mistrial provisions of C.Cr.P. 770, the judge has the sound discretion to determine whether the activity or comment so prejudiced the defendant that he could not receive a fair trial. See, e. g. State v. Johnson, 333 So.2d 223 (La.1976). In this case the crying episode was barely audible and the man was escorted from the courtroom promptly. The judge fully admonished the jury to disregard the incident, and was satisfied that the incident did not deprive the defendant of a fair trial. We find no abuse of the trial judge's discretion.
This assignment lacks merit.

Assignment of Error No. 8
In this assignment defendant contends that the trial judge erred in refusing *603 to order a new trial. The basis of his motion and his argument on this assignment deal exclusively with the alleged errors discussed in Assignments numbered 1 through 7. These alleged errors have been disposed of above and, thus, this assignment presents no reversible error.
The conviction and sentence are affirmed.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
In assignment of error number two, defendant Errol Domangue argues that the court below erred in failing to conclude that the sanity examinations of him were void because they were conducted in the presence of a police officer.
The legislature and courts have consciously allowed sanity commission procedures to be flexible so that doctors conducting such examinations can do so in the way that the particular facts of the case warrant. C.Cr.P. art. 644, esp. official revision comment; State v. Faciane, 233 La. 1028, 99 So.2d 333 (1957). Nevertheless, sanity commission procedures must comport with the basic minimum requirements of fundamental fairness and fair trial. La.Const. art. I, §§ 2, 5,16. It seems to me clear that the presence of law officers at the sanity commission examination would almost necessarily interfere with the examining process, detract from the focus of the interview, break down the confidentiality between doctor and patient, and generally fail to meet our minimum constitutional standards. Therefore, I would caution against allowing police personnel into sanity examinations in any but the most unusual and justifiable situations.
I agree, however, with the majority decision in this case that this defendant's assignment lacks merit because his insanity defense was abandoned.