## 55805. WEST v. THE STATE.

WEBB, Judge.

Randy West appeals his conviction of rape and aggravated sodomy. We affirm.

1. West contends that the court erred in failing to have a hearing on his motion to suppress evidence, but no reversible error appears since the motion was defective in not stating "facts showing wherein the search and seizure were unlawful." Code Ann. § 27-313 (b); *Cadle v. State,* 131 Ga. App. 175 (205 SE2d 529) (1974).

2. West made hearsay objections when a witness who had been present when the victim reported the incident to the police was questioned by the district attorney as to whether the victim gave to them a description of her assailant and his automobile and a statement as to whether or not he was armed. No error appears since the trial court ensured that no hearsay would be adduced by not allowing the witness to testify as to the substance of these statements but only as to the fact that they were made in the presence of the witness, and in any event the testimony was cumulative and harmless. *Karp v. Niver,* 142 Ga. App. 241, 242 (3) (235 SE2d 589) (1977).

3. Enumerations 4, 6 and 8 complain that the court erroneously allowed the introduction of a .25 caliber automatic pistol over objection of West that it had not been positively identified and that no chain of custody had been shown for it. Similar objections were made and overruled to the introduction of bullets and items of clothing, and these rulings are complained of in Enumerations 9 and 10.

We hold that the trial court properly submitted the question of identity of the items to the jury since they were identified by the witnesses and since, unlike fungible articles, they could be identified upon observation obviating the necessity of a chain-of-custody showing. *Hurt v. State,* 239 Ga. 665, 672 (7) (238 SE2d 542) (1977); *Lord v. State,* 134 Ga. App. 683, 684 (2) (215 SE2d 493) (1975).

4. West contends that the court should have granted a mistrial when the victim burst into tears as final

arguments were about to begin. However, the court thoroughly instructed the jurors to disregard the occurrence and questioned them as to whether they had been influenced thereby, and we find no reversible error. *Sheppard v. State,* 235 Ga. 89, 91 (2) (218 SE2d 830) (1975); *Shy v. State,* 234 Ga. 816, 823 (II) (218 SE2d 599) (1975).

5. No harm has been shown in support of Enumeration 7 complaining of a statement by a witness as to the number of man-hours spent on the case, and Enumeration 5 is utterly without merit.

6. The evidence was sufficient to support the verdict, the case pivoting on whether the admitted sexual activity was consensual as defendant contended or coerced as the victim testified. Consequently the trial court properly overruled the motion for directed verdict of acquittal, as well as the general grounds of the motion for new trial. *Searcy v. State,* 236 Ga. 789 (225 SE2d 311) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MAY 3, 1978 — DECIDED MAY 31, 1978.

*Guy R. Dunn, Paul McGee, John L. Green,* for appellant.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney,* for appellee.

