Argued and submitted September 15, affirmed November 17, 1980

STATE OF OREGON,
*Respondent,*
*v.*
KEVIN WILLIAM HILL,
*Appellant.*

(No. 77-3020-C-2, CA 17517)

STATE OF OREGON,
*Respondent,*
*v.*
KEVIN WILLIAM HILL,
*Appellant.*

(No. 80-0370-C-2, CA 17518)

STATE OF OREGON,
*Respondent,*
*v.*
KEVIN WILLIAM HILL,
*Appellant.*

(No. 80-0371-C-2, CA 17519)

(Cases Consolidated)

619 P2d 671

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant was convicted after jury trial of rape in the first degree, ORS 163.375, and sodomy in the first degree, ORS 163.405. On appeal, he assigns error to the trial court's failure to grant on its own motion a judgment of acquittal, the trial court's denial of his motion for a mistrial, and the trial court's imposition of consecutive sentences. We affirm.

Defendant raises the issue of the sufficiency of the evidence for the first time on appeal, having failed to preserve the issue in the trial court. Oregon appellate courts have repeatedly stated that the question of the sufficiency of the evidence cannot be raised for the first time on appeal. *See, e.g., State v. Long,* 246 Or 394, 396-97, 425 P2d 528 (1967); *State v. Batson,* 35 Or App 175, 177, 580 P2d 1066 (1978). We see no reason to depart from the rule in the present case.[1]

Next, defendant argues that the trial court erred in denying his motion for mistrial when the victim suffered an epileptic seizure while testifying.[2] Defendant contends that since in this rape and sodomy prosecution the jury's verdict hinged almost entirely on its assessment of the credibility of the victim and defendant, sympathy for the victim, generated by her seizure, incurably prejudiced defendant's opportunity for a fair trial.

A motion for mistrial is addressed to the sound discretion of the trial court, and only a manifest abuse of that discretion justifies reversal. *State v. Middleton,* 46 Or App 381, 385, 611 P2d 698, *rev den* (1980). We are at a

---

[1] Defendant contends that under the authority of *State v. Moore,* 194 Or 232, 241 P2d 455 (1952), we should review his claim of insufficient evidence. In *State v. Moore,* the court stated:

 " * * * If that record discloses an entire want of evidence to sustain the verdict, as distinguished from a mere insufficiency of evidence, we may, under the rules stated, properly take cognizance of the error; in truth, and in the interests of justice, it is our duty to do so." 194 Or at 239.

In our review of the record we find no such want of evidence.

[2] The parties agree that such a seizure did occur, although there is nothing in the transcript from which we can ascertain precisely the nature of the seizure.

particular disadvantage in attempting to determine whether defendant was prejudiced by the victim's seizure while on the witness stand. Unlike the trial court, we had no opportunity to view the appearance of the witness, and so are unable to evaluate the impact of the event on the jury.

■ At the time of the victim's seizure, the trial court had the jury removed, briefly, from the courtroom. In the jury's absence defendant moved for mistrial. After the court ruled on the motion, the victim, who apparently had not left the witness stand, continued her direct examination until the noon recess. When proceedings resumed, the state called a witness out of order, and then recalled the victim to complete her testimony. At the conclusion of the victim's testimony, the trial court gave the following cautionary instruction:

"I previously instructed you of course that you are not to allow sympathy or bias any place in your deliberations, and the last witness, as you know, had what appeared to be a seizure on the witness stand. You should have not of course allowed that any way to influence you in your decision of what the facts are or what her testimony was."

We conclude that the trial court did not abuse its discretion in denying defendant's motion for a mistrial.[3]

■ Finally, defendant argues that the trial court lacked authority to sentence him to consecutive sentences. Defendant is in error. *State v. Jones,* 250 Or 59, 440 P2d 371 · (1968).

Affirmed.

---

[3] *Cf. State v. Gill,* 243 Or 621, 415 P2d 166 (1966) (victim's emotional distress on witness stand during prosecution for attempted rape did not require court to grant the defendant's motion for a mistrial).