Robert L. CLEGG, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5699.

Supreme Court of Wyoming.

Dec. 23, 1982.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Sandra G. Siel, Student Director, Wyoming Defender Aid Program, and Karen A. Byrne, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., and Marion Yoder, Asst. Atty. Gen., for appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant appeals from a judgment and sentence rendered on a jury verdict which found him guilty of three counts of an information charging him with six separate sexual assaults, each in violation of § 6–4–302(a)(ii), W.S.1977.[1] He was found not guilty of the other three counts of the information.

Appellant contends that there is reversible error in that (1) the verdict was inconsistent "as to the key element of consent" inasmuch as the evidence on the issue of consent "is identical as to every count," and (2) his motion for mistrial was not granted, the motion being predicated on the victim calling the appellant a "goddanm [sic] liar" while appellant was testifying.

We affirm.

We need not detail the facts of this case. In brief summary, victim testified to having been forced by appellant to accompany him in his automobile to a spot near Boysen Reservoir where he inflicted six acts of sexual penetration[2] on her. Appellant acknowledged three of these acts and denied the other three. He contended that he did not force her to accompany him and that she consented to the three acts which he acknowledged to have occurred. Victim's torn blouse and bra were introduced into evidence. Jewelry and other personal effects belonging to her and found by the police at the site of the occurrence were also introduced into evidence. When appellant testified that one of the acts was initiated by victim, she called out "[y]ou goddanm [sic] liar." The court called an immediate recess. Appellant moved for a mistrial. The judge denied the motion and admonished the jury as follows:

1. Section 6–4–302, W.S.1977, provides in pertinent part:

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits a sexual assault in the first degree if:

 \* \* \* \* \* \*

"(ii) The actor causes submission of the victim by threat of death, serious bodily injury,

extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor has the present ability to execute these threats."

2. Sexual penetration is defined in § 6–4–301(a)(ix) as "sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission."

"Ladies and Gentlemen of the Jury, the outburst by [the victim] before the recess, you are to disregard the outburst. It is not considered evidence, it has no significance in the trial, and you are to disregard it completely."

## INCONSISTENCY

 Implicit in appellant's contention of error based on verdict inconsistency (because the evidence of consent was identical with reference to all six counts of the information) is the assumption that the jury found him not guilty on three counts for the reason that consent was found to exist for the acts involved in those three counts and that it was found not to exist for the acts involved in the other three counts. We cannot make such assumption. The jury could have found that the victim did not consent to any sexual assault, and that only three assaults or acts actually occurred. The finding of only three assaults or acts is consistent with appellant's testimony. He acknowledged the three assaults or acts and denied the other three as alleged by the victim. The jury may have believed him in this respect. He contended that the victim consented to the three instances or acts. She denied consent to any instance or act and testified to six of them. The jury may have believed the victim rather than the appellant with reference to the fact of consent. The jury verdict then would be entirely consistent, i.e., only three acts occurred and they were not consented to by the victim. See *Padilla v. State*, Wyo., 601 P.2d 189 (1979).

 Appellant would have us hold that if the jury did not believe a witness on one item it must not believe the witness on any other item. The determination of the credibility of witnesses is the province of the jury. *Montez v. State*, Wyo., 527 P.2d 1330 (1974); *Brown v. State*, Wyo., 581 P.2d 189 (1978).

---

3. Accordingly, we need not address in this case the necessity for consistency between verdicts on several counts of an information or indictment. See *State v. Hickenbottom*, 63 Wyo. 41,

" * * * '[I]n the trial of a conventional criminal case, it is the province of the jury to observe the witnesses, to appraise their credibility, to weigh their testimony, to draw reasonable inferences from established facts, to resolve conflicts, and to determine the ultimate question whether the guilt of the accused has been established beyond a reasonable doubt.' * * * " *Ditrich v. United States*, 243 F.2d 729, 730 (10th Cir.1957).

A jury may accept all of the testimony of a witness, it may accept none of it, or it may accept only a portion of it. *Hopkinson v. State*, Wyo., 632 P.2d 79 (1981); *People v. Garner*, 187 Colo. 294, 530 P.2d 496 (1975). Considering this option, the result here reached by the jury was not necessarily inconsistent.[3]

Additionally, the record reflects a failure on the part of the appellant to object to the substance of the verdict when it was returned.

Rule 32, W.R.Cr.P., provides in part:

"(a) *Return.*—The verdict shall be unanimous. It shall be returned by the jury to the judge in open court.

\* \* \* \* \* \*

"(d) *Poll of jury.*—When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged."

The foregoing is identical to Rule 31(d), F.R.Cr.P., wherefore cases decided by the federal courts are persuasive.

" * * * failure to preserve any objection to the jury verdict below results in a waiver of appellant's right to claim an impermissibly ambiguous verdict * * *." *United States v. Previte*, 648 F.2d 73, 80 (1st Cir.1981). See *Williams v. United States*, 238 F.2d 215 (5th Cir.1956), cert. denied 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957).

178 P.2d 119 (1947); Annot.: Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information, 18 A.L.R.3d 259.

In *DeWitty v. Decker,* Wyo., 383 P.2d 734, 738 (1963), we held that "[f]ailure of a litigant to exhaust the remedy so afforded has its consequences," and that failure to object to the form or substance of a verdict within time whereby corrective action could be obtained amounted to a waiver of any irregularity, informality, ambiguity or other error in the verdict. See *Energy Transportation Systems, Inc. v. Mackey,* Wyo., 650 P.2d 1152 (1982), in which verdict error was preserved by timely objection.

In any event, we have specified under what conditions we will consider any error not presented to the trial court, and they are applicable to error in the verdict:

" * * * A contention for error first raised on appeal will not be considered unless it qualifies as plain error. *Hampton v. State,* Wyo., 558 P.2d 504 (1977). The plain-error doctrine is to be applied cautiously and in exceptional circumstances. *Hampton v. State,* supra; *Downs v. State,* Wyo., 581 P.2d 610 (1978).

" ' * * * For this court to invoke the plain-error rule, as embodied in Rule 49(b), W.R.Cr.P., three specific criteria must be fulfilled: first, the record must be clear as to the incident that occurred at trial that is alleged as error; second, the proponent of the rule must demonstrate a violation of a clear and unequivocal rule of law; and third, the proponent must prove that a substantial right has been violated and that the defendant has been materially prejudiced by that violation. [Citations.] These requirements must be fulfilled even if constitutional rights are involved.' *Madrid v. State,* Wyo., 592 P.2d 709, 710 (1979)." *Ketcham v. State,* Wyo., 618 P.2d 1356, 1359 (1980).

Certainly, a violation of a *clear and unequivocal* rule of law is not here demonstrated. Inconsistency does not exist and inconsistency may not be fatal if it does exist (see fn. 3).

## MISTRIAL

"In general, all matters which relate to the orderly conduct of a trial, or are necessary to the proper administration of justice in a court, and which are not regulated by precise statute or rule, are within the discretion of the presiding judge." 88 C.J.S. Trial, § 36.

Because the trial judge is in an advantageous position from which to gauge the effect on the jury or a witness of a violation of courtroom decorum, he will be allowed considerable latitude in the exercise of his discretion in ruling on a motion for a mistrial for such violation. His ruling thereon will constitute reversible error only in the event of a clear abuse of such discretion resulting in prejudice to the defendant. *Gallup v. State,* Wyo., 559 P.2d 1024 (1977); *State v. Spears,* 76 Wyo. 82, 300 P.2d 551 (1956); *State v. Hill,* 49 Or.App. 297, 619 P.2d 671 (1980).

The court in this instance maintained complete control of the situation. A recess was called and the jury was adequately instructed to disregard the incident. Prejudice to the appellant has not been evidenced. The burden to evidence prejudice is on appellant. *Morris v. Commonwealth,* Ky., 459 S.W.2d 589 (1970); *Cooper v. State,* Okl.Cr.App., 524 P.2d 793 (1974).

" * * * on the question of the prejudicial effect of an emotional outburst in the courtroom by the victim of the offense or a member of the victim's family. * * * determination of whether a new trial should be granted is particularly within the discretion of the trial court and will not be reversed in the *absence of clear proof of an abuse.* [Citations.] The trial court's decision must be accorded considerable deference because that court is in the best position to evaluate the impact of the outburst on the jury. [Citation.] * * * " (Emphasis added.) *Christian v. United States,* D.C.App., 394 A.2d 1, 23 (1978), cert. denied 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979).

It could well be that the outburst could redound against the victim and have the effect of discrediting her in the eyes of the jury.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *" *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

Discretion has been held to not have been abused in similar circumstances on many occasions. See e.g., *State v. Allen,* 50 N.C. App. 173, 272 S.E.2d 785, 787 (1980) (mother of rape victim shouted on two occasions during testimony of mother of defendant that she "was lying"); *United States v. Rich,* 580 F.2d 929, 935–936 (9th Cir.1978), cert. denied 439 U.S. 935, 99 S.Ct. 330, 58 L.Ed.2d 331 (1978) (courtroom outburst of defendant's brother and co-defendant); *Christian v. United States,* supra, 394 A.2d at 22, (outburst as defendant left witness stand after testifying: "You killed my babies." "You killed my babies. And shot my woman." "They killed them."); *Messer v. State,* 247 Ga. 316, 276 S.E.2d 15, 22 (1981), cert. denied 454 U.S. 882, 102 S.Ct. 367, 70 L.Ed.2d 193 (1981) (during testimony of prosecution witness, victim's father "lunged" toward defendant screaming, "He . . . he'll pay. You're liable . . . you'll pay. You'll pay. You're liable. Oh! What you think . . . oh you . . . you're going to get it . . . you."); *State v. Domangue,* La., 350 So.2d 599, 602 (1977) (rape victim's common-law husband began to cry during closing argument); *West v. State,* 146 Ga.App. 120, 245 S.E.2d 478, 479 (1978) (rape and sodomy victim burst into tears as final arguments started); *Minnifield v. State,* Ala. Cr.App., 392 So.2d 1288, 1290 (1981) (audible sobbing by rape victim outside courtroom after testifying); *Morris v. Commonwealth,* supra, 459 S.W.2d at 589 (father of victim interrupted examination of her with outcry); *Cooper v. State,* supra, 524 P.2d at 798, (sister of defendant's deceased wife interrupted testimony saying, "It is not true, he always beat her. He always beat her.")

The trial court did not abuse its discretion in denying appellant's motion for a mistrial.

Affirmed.

THOMAS, Justice, specially concurring, with whom ROSE, Chief Justice, joins.

I agree with the other members of the court that this case must be affirmed. I cannot join with them, however, in the justification for affirmance found in that part of the opinion which deals with inconsistent verdicts. I am critical of the apperception of the majority in two respects. If, as the majority argues, the issue of inconsistent verdicts was not properly preserved in the trial court then there is no justification for considering that issue on the merits. Yet the majority of the court chooses to find that these verdicts were not inconsistent when the correct rule is that a claim of inconsistent verdicts in a criminal case does not present an issue for review.

My primary concern is the manner in which this court appears to recede from *State v. Hickenbottom,* 63 Wyo. 41, 178 P.2d 119 (1947), in which this court quoted the ratiocination of Mr. Justice Holmes set forth in *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161 (1932), as follows:

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. [Citations.] If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as res judicata of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold."

It is my view that the holding of *State v. Hickenbottom,* supra, is that this court, as a matter of law, will not concern itself with inconsistent verdicts in criminal cases because inconsistent verdicts do not present a

ground for relief from the judgment and sentence of the court. This rule is in harmony with that of the federal courts and a majority of the courts of the other states. *United States v. Previte,* 648 F.2d 73 (1st Cir.1981). Annotation 18 A.L.R.3d 259 (1968); 3 Wright, Federal Practice and Procedure: Criminal 2d § 514 (1982).

I perceive the true justification for this rule to be that it avoids any possibility of speculation with respect to jury deliberations in criminal cases. As I understand the rule, it establishes the proposition that inconsistent verdicts in criminal cases have no legal significance save in the instance of double jeopardy. Even though the same evidence may be relied upon to prove the elements of crimes separately charged in different counts of the same indictment, if a conviction on one count cannot be invoked in aid of a claim of double jeopardy with respect to trial on a second count, then verdicts of guilty as to one count and not guilty as to the other, as a matter of law, are not inconsistent, and such a claim will not be considered on appeal. This rule is sound and would adequately dispose of other cases in our jurisprudence in which this issue has been touched upon. See *Mainville v. State,* Wyo., 607 P.2d 339 (1980); *Padilla v. State,* Wyo., 601 P.2d 189 (1979); and *Hahn v. State,* 78 Wyo. 258, 322 P.2d 896 (1957). Essentially it has been invoked by other courts dealing with such issues in cases involving multiple sexual assault charges. *State v. Flynn,* 109 Ariz. 545, 514 P.2d 466 (1973); *State v. Fairfax,* 42 Wash.2d 777, 258 P.2d 1212 (1953).

Consequently, I would dispose of the issue of inconsistent verdicts simply by noting that the offenses charged in the indictment were based upon different acts of sexual penetration as defined in § 6–4–301(a)(ix), W.S.1977. Since either an acquittal or conviction of any such count would not provide the accused with a double jeopardy defense as to any other such count which properly was charged, I would hold that there was no possibility of inconsistent verdicts as a matter of law based upon our holding in *Hickenbottom v. State,* supra. There is no possibility of inconsistent verdicts, regard-

less of the jury's determination with respect to the credibility of witnesses, and I could not in any way rely upon the credibility rule in resolving the issue of inconsistency.

I have one other concern. I do not possess the percipience to recognize why Rule 32, W.R.Cr.P., would require an objection in the trial court to the verdict which the jury returns in order to appeal from an unambiguous but defective verdict. Rule 32, W.R.Cr.P., does not, on its face, say that, and such a requirement assumes that if an objection were made the court could resubmit the case to the jury after its verdict was returned. This assumption flies in the face of the proposition recognized by the Supreme Court of the United States that the jury "has the power to bring in a verdict in the teeth of both law and facts." *Horning v. District of Columbia,* 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920). A requirement that the defendant urge in the trial court the verdict error is a rule without a reason if the trial court has no power or authority to correct the matter. In my view the trial court has neither such power nor authority in criminal cases.

*United States v. Previte,* supra, relied upon by the majority, does not support such a proposition. The language quoted by the majority out of context deals with verdict ambiguity. In *Cloman v. State,* Wyo., 574 P.2d 410, 412 (1978), this court described by example verdict ambiguity. In the instant case verdict ambiguity was not an issue, and for that reason reliance upon *United States v. Previte,* supra, is not appropriate. Furthermore, the First Circuit Court of Appeals went on, following the quoted language, to consider the claim of verdict inconsistency which it would not have done had the language quoted by the majority been pertinent to that claim of error.

Conceding that the reliance in the majority upon the provisions of Rule 32, W.R. Cr.P., well may be dictum, I find it to be an inappropriate rule, and one which should not be followed in criminal cases. I am not persuaded that our system of criminal jurisprudence demands that the defendant insist

upon the repair of defects in the prosecution's case which would result in the assurance that he is lawfully convicted at the hazard of waiving his right to claim the defect on appeal. It is not the duty of the defendant to prosecute himself. If, as we have said, an improper verdict confers no authority upon the trial court to enter a judgment or sentence, then the verdict error should be treated as a jurisdictional matter which can be raised at any time. See *Hatheway v. State,* Wyo., 623 P.2d 741 (1981); *State v. Chambers,* 70 Wyo. 283, 249 P.2d 158 (1952); *Thomson v. State,* 21 Wyo. 196, 130 P. 850 (1913).