BYRNES, Judge.
Defendant, John R. Steckler, was convicted of forcible rape, a violation of R.S. 14:42.1 and sentenced to twenty years at hard labor, the first five years without benefit of parole, probation or suspension of sentence. On appeal, Steckler argues that the trial court erred by denying a request for an in camera examination of the jurors and that his sentencing was defective. We disagree and affirm.
FACTS
On August 30, 1986, the middle-aged victim of this crime was disturbed by noise coming from a party underway at a house across the street from her home. She went to the house and complained about the noise. Subsequently, she returned and complained again. Later, she answered a knock at her door and was met by a young man who identified himself as Randy Johnson. Johnson said he had come to apologize for noise coming from the party. The victim apparently invited Johnson inside and offered him a drink after he asked if he could have one. After a few minutes, Johnson began making sexual overtures to the victim. When she attempted to flee, Johnson forced her into the bedroom where he threatened to kill her. He then raped her repeatedly, forced her to perform oral sex and left. The police were called shortly thereafter and the victim was taken to the hospital. Johnson was subsequently identified as John Steckler based on information provided by several individuals who had attended the party across the street from the victim’s home.
At trial, the State called the victim to the witness stand. However, before she could enter the courtroom, she fainted in the vestibule of the courtroom. Her fall apparently produced an audible “thud”. Because the courtroom door was being opened as she fainted, the incident was at least partially visible to several people inside. The trial judge immediately ordered the jury out of the courtroom. Once the jury had left, defense counsel moved for mistrial based on his concerns that the jury had seen what had happened and was prejudiced by it. The trial court denied the motion for mistrial and adjourned the trial for a three day weekend. Prior to the resumption of trial, defense counsel reurged the motion for mistrial and in connection with this motion requested that the court question each juror in camera to determine if any of them had been influenced by the fainting incident. The trial court denied this request and trial resumed. The victim gave her testimony, and after deliberation, the jury found Steckler guilty of forcible rape.
This appeal followed.
ASSIGNMENTS OF ERROR
By his first assignment of error, Steckler asserts that the trial court erred in refusing to question the jurors in camera to determine if any of them were influenced by the victim’s fainting incident. We disagree. The request was made in conjunction with a motion for mistrial. We will therefore apply the law relative to mistrials in determining whether the trial court erred by denying this request. C.Cr.P. Art. 775 sets forth the grounds for mistrial and provides in pertinent part that:
“Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial ...”
Mistrial is a drastic remedy and should not be ordered unless the trial court concludes that the activity complained of substantially contributed to the verdict. State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983). The trial court has wide discretion in determining whether the conduct at issue so prejudiced the defendant that he could not receive a fair trial. State v. Domangue, 350 So.2d 599 (La.1977); State *365 v. Bailey, 457 So.2d 94 (La.App. 4th Cir.1984).
In the present case, the trial judge was in a good position to observe the fainting incident and note the jury’s opportunity to view this event. In denying defense counsel’s motion for mistrial, the trial court stated:
The court has declared a recess and the jury has been removed from the courtroom and has not been advised of anything that may have occurred in the vestibule. I would like to say for the record that from my vantage point, I saw the door open approximately a foot and saw just a number of people outside and I heard a thud and that is about all that I saw from where I was sitting. I had the opportunity to observe the jury. The jury was looking at me and the minute I had seen the blurr [sic] or whatever it was, I didn’t know what happened, I immediately advised the sheriff to take the jury upstairs. When I went into the vestibule, I saw [the victim] lying on the ground she had fainted. She lost her vision totally. She is being attended by the paramedics in my chambers. The court denies the motion for a mistrial ...
Under the circumstances, it appears unlikely that the jury had any notion of what transpired in the vestibule of the courtroom when the victim fainted. While defense counsel argues that the jury was somehow prejudiced against Steckler by the fainting incident, he does not really specify how and we can find no support in the record for this theory. We therefore find that the trial court did not abuse its discretion by denying the motion for mistrial and the related request for in camera questioning of the jury.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. II
By his second assignment of error, Steckler contends that his sentence is defective because the trial court considered his credibility when imposing its sentence. We disagree. In reviewing a sentence, this court must determine if the trial court adequately considered the sentencing guidelines set forth in C.Cr.P. Art. 894.1. The court must consider aggravating and mitigating circumstances, and state the factual basis for its conclusions. State v. Davis, 449 So.2d 452 (La.1984).
A review of the record reveals that the trial court followed the sentencing guidelines provided by C.Cr.P. Art. 894.1. The sentencing transcript shows that in imposing the sentence, the court considered Steckler’s history of anti-social behavior since childhood, his prior criminal record, evidence of drug abuse and the serious nature of the instant offense. The court also stated that due to evidence of mental illness, the release of the defendant on probation would create the undue risk that Steckler might commit another crime. In summarizing the facts of the case, the trial court stated:
“The most humiliating thing about this rape, most probably, was that Mr. Steck-ler had the audacity before trial and after trial to insist that [the victim] had been the one who had enticed and had seduced him into the sexual act, notwithstanding the fact that there was bloody sheets and that [the victim] denied that”.
The trial court then imposed a sentence of twenty years at hard labor, the first five years to be served without benefit of parole, probation or suspension of sentence.
Considering that the trial court complied with the sentencing guidelines of C.Cr.P. Art. 894.1 and ultimately imposed a sentence which was only one half of the maximum sentence of forty years, we conclude that the mere reference to the defendant’s veracity at the sentencing, while inappropriate, does not demonstrate bias, undue harshness, or an abuse of discretion.
This assignment of error is without merit.
ERRORS PATENT
A review of the record for errors patent reveals that there is no notation that defendant was arraigned. However, assuming Steckler was not arraigned, any objection to this omission was waived by *366 failing to object before trial. C.Cr.P. Art. 555.
For the above reasons, defendant’s conviction and sentence are affirmed.