Edward STANTON, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 84–31.

Supreme Court of Wyoming.

Aug. 22, 1984.

Leonard D. Munker, Public Defender, Sylvia Lee Hackl, Appellate Counsel, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program and Theodore G. Panos, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and D. Terry Rogers, Teton County Atty., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant appeals from an order denying his motion to expunge the record of a 1981 criminal conviction for forgery.

We affirm.

On May 28, 1981, appellant was sentenced by the district court judge to four months in the Teton County jail after he pleaded guilty to one count of forgery in an information charging four counts of forgery and one count of unlawful use of a credit card in violation of § 6-2-101 (now § 6-3-602, W.S.1977, June 1983 Replacement) and § 6-3-108 (now § 6-3-802, W.S. 1977, June 1983 Replacement). Pursuant to a plea bargain, the remaining counts of the information were dismissed. The four-month sentence was reduced on the conditions that appellant complete an alcohol rehabilitation program in Sheridan and make restitution of over $1,300.00 to various banks.

Appellant made the required restitution but did not complete the alcohol rehabilitation program as ordered. However, he subsequently did complete such a program in Salt Lake City, Utah. He had one felony conviction for forgery prior to the conviction in Teton County, and he has had one conviction for driving under the influence since the Teton County conviction. He requested expungement of the Teton County conviction

"because of his desire to regain the liberties and opportunities available to other citizens, and his fear of being classified as a Habitual Criminal."

The issue in this case does *not* involve expungement of criminal records of one not convicted, or of one whose conviction resulted from intentional government misconduct, or of one pardoned after conviction. Nor does it involve expungement of a record containing a clerical or sentencing error, or expungement of a record pursuant to statutory authorization. And it does not involve sealing of a record as distinguished from expungement. Accordingly, we need not address such issues in this case.

The issue here is whether or not the court, under its inherent power, can expunge the criminal record of one not pardoned, whose conviction was without error and only for the purpose of restoring civil rights. Such expungement would have the effect of a pardon. It would not only obliterate any record of the conviction itself, but would, in effect, restore civil rights.

The pardoning power is exclusively that of the governor. Art. 4, § 5, Wyoming Constitution, provides in part:

"The governor shall have power to remit fines and forfeitures, to grant reprieves, commutations and pardons after convic-

tion, for all offenses except treason and cases of impeachment * * *."

Art. 2, § 1, Wyoming Constitution, provides:

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

Thus, the encroachment by any branch of the government, including the judiciary, upon the powers of either of the other two branches is unconstitutional. The expungement here requested of the court would be an encroachment on the power of the executive branch, i.e., the pardoning power of the governor, and the court properly refused to take such action as being beyond its jurisdiction. See *Kennedy v. State*, Wyo., 595 P.2d 577 (1979); *Sorenson v. State*, Wyo., 604 P.2d 1031 (1979). On March 23, 1984, in *State ex rel. David G. Hall v. District Court of the Fourth Judicial District*, No. 84–23, we ordered the issuance of a peremptory writ of mandamus and a peremptory writ of prohibition in which we recited that the district court lost jurisdiction upon sentencing the defendant, except as provided in Rule 36, W.R.Cr.P.[1], and that it thereby lost jurisdiction to order expungement of a criminal record.

With reference to appellant's desire to avoid a habitual criminal sentence in the event of further offenses, control over punishment is the province of the legislature. *Evans v. State*, Wyo., 655 P.2d 1214 (1982). The legislature has not authorized expungement of criminal records in cases

such as this. In fact, such expungement would frustrate the intention of the legislature to have harsher penalties imposed for recidivist offenders. See §§ 6–10–201 and 6–10–202, W.S.1977, re habitual criminals generally, §§ 35–7–1037 and 35–7–1038, W.S.1977, re offenders under the Controlled Substances Act, § 31–5–1201, W.S. 1977, re general traffic violations, and § 31–5–233, W.S.1977, re driving while under the influence.

The trial court properly denied the motion to expunge the criminal record.

Affirmed.

---

1. Rule 36, W.R.Cr.P., provides:
   "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a man-

date issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."