**Andrew J. JOHNSON, a/k/a A.J. Johnson, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 84–192.**

Supreme Court of Wyoming.

Feb. 19, 1985.

Rehearing Denied Feb. 27, 1985.

---

**2.** In his application appellant complains about his sentence, but no mention of that complaint

was made at the hearing and is not raised as an issue on appeal.

**639**

Andrew J. Johnson, appellant, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Michael A. Blonigen, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant was convicted for delivering controlled substances. The jury misread the court's instructions and also found appellant guilty of lesser included offenses. After determining the jury's intent the trial court sentenced appellant on the two principal charges of delivery of a controlled substance and nullified the jury's verdict on the lesser offenses.

The issue on appeal is whether the court should have found the appellant guilty of the lesser included offenses rather than the principal offenses.

We will affirm.

On January 23, 1984, an information was filed charging appellant with two counts of delivering a controlled substance defined in § 35–7–1031(a)(ii), W.S.1977:

"(a) Except as authorized by this act [§§ 35–7–1001 to 35–7–1055], it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

\* \* \* \* \* \*

(ii) Any other controlled substances classified in Schedule I, II or III, is guilty of a crime \* \* \*."

In addition to instructions on the two delivery charges the court also instructed the jury that possession of a controlled substance as defined in § 35–7–1031(c), W.S.1977, was a lesser included offense to the crime of delivery. The court's instructions seem reasonably clear that the jury was to consider the lesser included offenses only if they failed to find appellant guilty of delivery. Nevertheless, the jury found him guilty of two counts of delivery and two counts of possession. The trial judge recognized that the verdicts returned by the jury were inconsistent. He therefore carefully polled the panel and determined from each individual juror that it was his or her intent that appellant be found guilty of two counts of delivery of a controlled substance. The court thereafter treated the lesser-included offenses as having merged with the greater, and found appellant guilty of only the greater offenses, delivery of a controlled substance. The sentence imposed was for the greater offense and no reference was made to the lesser offenses. We find no error in the manner in which the trial court caused the jury's verdict to be corrected to reflect their intent. See 4 Wharton's Criminal Procedure, § 578, p. 139 (12th ed. 1976).

Appellant contends that because the jury found him guilty on two counts of possession of a controlled substance he should have been sentenced on those two counts,

and the two findings of guilt for delivery of a controlled substance should have been nullified or disregarded. We disagree. The only authority cited by appellant in support of his argument is § 6–1–101(c), W.S.1977 (June 1983 Replacement):

"(c) In a case pending on or after the effective date of this act, involving a crime committed prior to the effective date, if the penalty under this act for the crime is different from the penalty under prior law, the court shall impose the lesser sentence."

Section 6–1–101(c), W.S.1977, has no application to this case. The crime charged in Count I of the information occurred December 16, 1983, and the crime charged in Count II occurred January 4, 1984. The effective date of the statute here was July 1, 1983.

Section 6–1–101(c), W.S.1977, applies to a crime that provides for a greater penalty under the criminal law prior to July 1, 1983, than the penalty provided for under the law after July 1, 1983. That is not the situation here. The offenses occurred after July 1, 1983, and the trial and sentencing was after July 1, 1983. All proceedings were under the new criminal code which was effective July 1, 1983.

Affirmed.