**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Dennis WYLES, Defendant–Appellant.**

No. 93CA0053.

Colorado Court of Appeals,
Div. II.

Jan. 27, 1994.

Rehearing Denied March 3, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Peter B. Albani, Highlands Ranch, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Dennis Wyles, appeals a judgment of conviction entered on a jury verdict

finding him guilty of introducing contraband in the first degree. We affirm.

A prison guard, positioned in a watch tower, observed the defendant sitting by himself in the prison yard and saw him digging in the dirt for approximately ten minutes. The guard notified other prison officials of the situation, and requested further investigation. Shortly thereafter, two guards came into the yard and were advised by radio of defendant's location. The guards observed defendant sitting by himself near the fence with his hands in the dirt. Defendant noticed the guards approaching him and immediately arose and began to walk toward them.

One of the guards stopped defendant and conducted a pat down search, but found nothing hidden on his person. However, examination revealed that the dirt where defendant had been sitting, which was normally hard and compact, had been dug up. A guard also found a plastic knife at that location, and after sticking the knife into the ground several times, he discovered a plastic bag containing a hand-made knife buried several inches below the surface of the ground.

Defendant's sole contention on appeal is that the court erred in denying his motion for judgment of acquittal. He maintains that the evidence was insufficient to support the verdict because there was no evidence introduced to show that he actually possessed the knife found buried in the ground. We disagree.

■ When ruling on a motion for judgment of acquittal, the trial court must determine whether the prosecution's evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Paiva*, 765 P.2d 581 (Colo.1988).

■ The substantial evidence test affords the same status to circumstantial evidence as to direct evidence, and an exclusively circumstantial case need not exclude every reasonable hypothesis other than guilt to withstand a motion for judgment of acquittal. *People v. Elkhatib*, 632 P.2d 275 (Colo.1981).

■ The knife was discovered in a section of the prison yard where defendant was the only person present for ten minutes prior to its discovery. Defendant was observed digging in the dirt in the precise area where the knife was located, and he immediately left that location as soon as he saw the guards coming toward him. This evidence, and the permissible inferences to be drawn therefrom, was sufficient to support the jury's verdict and, *a fortiori*, to support the trial court's denial of the motion for judgment of acquittal.

■ We disagree with defendant's claim that actual physical possession of the contraband is required in order to sustain a guilty verdict.

Section 18–8–204.1, C.R.S. (1986 Repl.Vol. 8B) provides:

A person being confined in a detention facility commits the crime of possession of contraband in the first degree if he knowingly obtains or has in his possession contraband....

■ The purpose of this statute is to control contraband in penal institutions. *People v. Greenwell*, 830 P.2d 1116 (Colo.App.1992).

The plain language of the statute provides that an inmate is guilty of this offense if he either obtains contraband or has contraband in his possession. However, the language of the statute with respect to obtaining contraband does not require that the contraband be actually on the person of the inmate.

■ Reading the plain language of the statute and considering the legislative intent of the law, we conclude that physical possession of contraband is not required in every instance in order to sustain a conviction. Rather, as the court here instructed the jury, the prosecution's burden is also sustained by proof that the inmate exercised knowing dominion or control over the object. Further, exclusive dominion and control over the limited space in which the object is located will satisfy the possession element of the statute. *Black's Law Dictionary* 1047 (5th ed. 1979).

Defendant's suggested interpretation of the statute would defeat the legislative in-

tent. It would, in effect, permit contraband in penal institutions provided the contraband was somewhere other than in an inmate's physical possession. Accordingly, we cannot accept his view.

The judgment is affirmed.

METZGER and NEY, JJ., concur.