**Jose PARAMO, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 94–143.**

Supreme Court of Wyoming.

June 9, 1995.

Leonard D. Munker, State Public Defender; Deborah Cornia, Appellate Counsel; and Mike Vang, Legal Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program; Matthew F. McLean, Student Intern; and G. Bryan Ulmer III, Student Intern, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

A jury found appellant guilty of taking or passing a controlled substance into a jail. In the face of hard evidence, appellant repaired to a lesser included offense argument in an effort to mitigate the damage done by his deeds. Finding no necessarily included lesser offense, we affirm the judgment and sentence of the district court.

## I. ISSUES

Appellant articulates the following issues:

I. Is possession of a controlled substance under Wyo.Stat. § 35-7-1031(c) a lesser included offense of taking or passing a controlled substance into a jail under Wyo.Stat. § 6-5-208?

II. Was the appellant's due process right violated where the trial court prevented the appellant from presenting relevant testimony that there was a general security problem at the jail, which would tend to prove the appellant's defense theory that the appellant did not take a controlled substance "into the jail?"

III. Should the appellant's motion for a mistrial have been granted, when the state violated the motion in limine preventing them from discussing information received from an unreliable and unavailable informant?

Appellee restates those issues:

I. Did the trial court properly refuse to give a lesser included offense instruction relating to misdemeanor possession of a controlled substance?

II. Did the trial court properly exclude irrelevant and unduly cumulative evidence?

III. Did the trial court properly deny appellant's motion for a mistrial?

## II. FACTS

Around 9:15 p.m. on June 22, 1993, appellant, Jose Paramo (Paramo), checked back into the Goshen County jail, having spent the preceding week under house arrest. Given orange overalls and a pair of sandals, Paramo was allowed to change out of his street clothes in a private bathroom. While Paramo was busy changing, a deputy sheriff "policed" the adjacent squad room to make sure that the table and carpeted floor therein were free of any loose material.

Once Paramo was in his jail raiment, he was escorted to the squad room and told that a "strip search" would be undertaken. Paramo sat in a chair while removing his clothing, stepping out of the resultant pile to undergo inspection. Following a general visual body inspection, neither of which yielded contraband, Paramo was allowed to get dressed.

When told he could return to his cell, Paramo turned from the spot where he had disrobed and dressed, starting "hastily" toward the detention area. As the deputy sheriff began to follow, he noticed a folded piece of paper where Paramo had been standing. The deputy reached down and picked up the paper, asking Paramo: "Is this yours?" Without turning or slackening his pace, Paramo responded: "No, it is not mine."

Inside the folded paper, the deputy sheriff found what appeared to be a marijuana cigarette and two roaches (partially burned marijuana cigarettes). Chemical testing of those three items revealed the presence of tetrahydrocannabinol, a Schedule I controlled substance.

At trial, Paramo submitted four proposed jury instructions addressing his theory that possession of a controlled substance in violation of Wyo.Stat. § 35–7–1031(c) (1994) is a lesser included offense of taking or passing a controlled substance into a jail in violation of Wyo.Stat. § 6–5–208 (Cum.Supp.1994). The district court rejected the offered jury instructions, noting Paramo's objection for the record.

From judgment and sentence upon the jury's verdict finding him guilty of taking or passing a controlled substance into a jail, Paramo timely prosecutes this appeal.

## III. DISCUSSION

### A. LESSER INCLUDED OFFENSE

■■■ A district court's failure to give a lesser included offense instruction when such an offense indeed exists, and the evidence presented would support conviction upon that offense, constitutes reversible error. *Eatherton v. State*, 761 P.2d 91, 95 (Wyo.1988). Such an error implicates a defendant's due process guarantees. *State v. Keffer*, 860 P.2d 1118, 1132 (Wyo.1993). Determination of what constitutes a "necessarily included" offense pursuant to W.R.Cr.P. 31(c) is primarily a question of law for which the appropriate standard of appellate review is *de novo*. *Keffer*, 860 P.2d at 1137.

■ Paramo and the State concur with this court that *Keffer* clearly articulates the standard for identifying lesser included offenses by adoption of the statutory elements test:

"Under this test, one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under [W.R.Cr.P. 31(c)]."

*Keffer*, 860 P.2d at 1134 (*quoting Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989)).

■ Wyo.Stat. § 6–5–208 cites the material elements of taking a controlled substance into a jail: (1) taking or passing; (2) any controlled substance; (3) into a jail. The offense of possession of a controlled substance, as proscribed by Wyo.Stat. § 35–7–1031(c), yields the following elements: (a) possessing; (b) any controlled substance; (c) knowingly or intentionally. Exceptions in each statute are not worthy of being characterized as elements of the respective offenses in this case because marijuana is a Schedule I controlled substance with no legal medically indicated use and because, generally speaking, the absence of an exception is not an essential element to proof of the crime. Wyo.Stat. § 35–7–1031. *See Cheatham v. State*, 719 P.2d 612, 622 (Wyo.1986).

On a theoretical plane, *Keffer* requires Paramo to convince us, as a matter of law, that the elements of possession of a controlled substance (possession) are a necessary subset of the elements of taking or passing controlled substances into a jail (taking or passing). It would seem self-evident that one might take or pass a controlled substance into a jail without necessarily being in contemporaneous possession thereof. The State suggests that one such manner of

accomplishing that end might be the mail, while case law demonstrates that it might also be achieved with the help of a third-party courier traversing the prison while on work release. *United States v. Ahmad,* 347 F.Supp. 912 (M.D.Pa.1972), *rev'd in part on other grounds sub nom. United States v. Berrigan,* 482 F.2d 171 (3rd Cir.1973).

Although dealing with a somewhat different set of statutes, *United States v. Campbell,* 652 F.2d 760 (8th Cir.1981) concerns the crime of introduction of contraband onto the grounds of a federal penal institution in violation of 18 U.S.C. § 1791 (1976). The defendant admitted to possession of marijuana, but the Eighth Circuit Court of Appeals nonetheless found that possession of a controlled substance was not necessarily included in the offense of introduction of a controlled substance into a penal institution. *Campbell,* 652 F.2d at 762. *Campbell* cites a number of cases where conviction was had *both* upon possession of a controlled substance *and* introduction of a controlled substance into a prison or conspiracy to promote the same, *e.g., United States v. Yanishefsky,* 500 F.2d 1327 (2nd Cir.1974). *Campbell,* 652 F.2d at 762.

In *People v. Wyles,* 873 P.2d 34, 35 (Colo. App.1994), the Colorado Court of Appeals construed § 18–8–204.1, C.R.S. (1986), proscribing knowingly obtaining contraband or having contraband in one's possession, as not necessarily requiring possession in order to complete the offense. The *Wyles* holding is made possible by a statute, not unlike taking or passing controlled substances into jails, which describes alternative means of completing the offense. In neither case is possession a *sine qua non* for conviction on the more serious offense. Constructive possession in *Wyles* was of no moment to that court's discounting of the possession requirement. Similarly, Paramo's actual possession cannot be considered dispositive, particularly in light of his strident denials of either possessing a controlled substance or taking and passing the controlled substance into the jail.

■ Without deciding the identity *vel non* of other elements, we hold that taking or passing controlled substances into a jail may be proven without necessarily proving pos-session of a controlled substance. Therefore, possession of a controlled substance, in violation of Wyo.Stat. § 35–7–1031(c), is not necessarily included in the offense of taking or passing a controlled substance into a jail in violation of Wyo.Stat. § 6–5–208.

## B.   EVIDENCE ON "THEORY OF THE CASE"

Paramo argues at prohibitive length that he was denied his "theory of the case" by the district court's refusal to allow unlimited testimony on issues of general jail security and cleanliness. In the face of the deputy sheriff's testimony that the squad room was pristine prior to Paramo's arrival and subsequent deposit of contraband, the district court sustained the prosecutor's relevance objections to Paramo's protracted forays into the realm of general jail security.

■ A trial court's evidentiary rulings will not be disturbed on appeal absent clear abuse of discretion. *Wilson v. State,* 874 P.2d 215, 218 (Wyo.1994). So it is with a trial court's relevancy determinations. *Stauffer Chemical Co. v. Curry,* 778 P.2d 1083, 1099 (Wyo.1989). Time and again at trial, Paramo was unable to tie his theory of generally lax security and/or jail cleanliness into evidence relating to the condition of the jail and/or squad room on June 22, 1993. It appears to us from the record that the district court generously indulged Paramo's adventures into the area of security and cleanliness, and we find not even a colorable argument that the district court abused its discretion in refusing to allow unlimited inquiry.

■ Paramo impermissibly delayed his efforts to make possession of a controlled substance his "theory of the case" until the appellate stage. Proffering a theory of the case on appeal which is clearly contrary to the theory advanced at trial is a subversion of the judicial process. *Eckert v. State,* 680 P.2d 478, 481 (Wyo.1984). Paramo denied bringing drugs into the jail and, furthermore, expressly denied ever being in possession of the drugs. Under such circumstances, even were it found to be a lesser included offense, the crime of possession of a controlled substance would warrant no instruction as a

**1346**

"theory of the case" instruction. *Warren v. State,* 835 P.2d 304, 310 (Wyo.1992).

This reaffirmation of *Warren* should not be construed in denigration of a defendant's opportunity to argue inconsistent or alternative defenses, *if the evidence permits. Keffer,* 860 P.2d at 1134–36; *see United States v. Brittain,* 41 F.3d 1409, 1412 n. 2 (10th Cir.1994). Rather, the rule is that where the defenses offered at trial are purely exculpatory, the defendant is not entitled to a lesser included offense instruction, even where such a lesser offense may indeed exist. *United States v. Brown,* 26 F.3d 119, 120 (11th Cir.1994); *United States v. Zapata–Tamallo,* 833 F.2d 25, 28–29 (2nd Cir.1987).

### C. MOTION FOR MISTRIAL

Paramo was most anxious about jail intelligence concerning his identity as *the* inmate who was bringing drugs into the Goshen County jail. He sought and received the district court's order preventing the State from identifying him as the alleged source of jailhouse drugs. When a witness for the State uttered Paramo's first name (Jose) in the context from which the jury might, conceivably, have inferred that he had been fingered as the drug source, he immediately requested a mistrial. The district court denied the request, labeling the violation, if any, as *de minimis,* and instructed the prosecutor to avoid questions calling for a narrative response. Paramo claims that a mistrial was necessitated and asks us to reverse his conviction on that basis. Paramo's appellate counsel advance this theory without presenting pertinent Wyoming precedent. The State responds in like fashion.

The decision to grant a mistrial rests within the sound discretion of the district court. *Clegg v. State,* 655 P.2d 1240, 1243 (Wyo.1982). That decision may only summon reversal if a clear abuse of discretion is demonstrated which results in prejudice to the aggrieved party. *Gallup v. State,* 559 P.2d 1024, 1026 (Wyo.1977).

Paramo made his request for a mistrial within minutes of the time the district court and trial counsel had carefully reviewed the order which Paramo alleges was violated. In ruling upon Paramo's request, the district court was candid concerning its impression of the challenged testimony: "I didn't hear that the way you did at all, [Paramo's defense counsel], * * * so I am going to deny the motion for a mistrial." Were we at liberty to substitute our own judgment, we cannot say that the challenged testimony conveys the import attributed to it by Paramo nor can we discern any degree of prejudice to his case.

Although it dealt with an outburst in the courtroom, rather than testimony, we believe the rule in *Clegg* to be germane under the particular circumstances of this case:

> Because the trial judge is in an advantageous position from which to gauge the effect on the jury * * * of a violation of courtroom decorum, he will be allowed considerable latitude in the exercise of his discretion in ruling on a motion for a mistrial for such violation.

*Clegg,* 655 P.2d at 1243. That rule expresses our approbation of the district court's refusal to grant a mistrial, and we find neither abuse of discretion nor prejudice to Paramo.

### IV. CONCLUSION

Whether the conditions of confinement in this country are thought to be overly harsh or unacceptably indulgent, it is fair to say that the level of personal accommodation sought by Paramo for his brief visit to the Goshen County jail was and remains well beyond the statutory pale.

The judgment and sentence of the district court should be and hereby is affirmed in all respects.