Joseph Steven SINDELAR,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–12.

Supreme Court of Wyoming.

Jan. 21, 1997.

Michael J. Krampner, of Krampner & Fuller, Casper, for Appellant.

William U. Hill, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker, Assistant Attorney General, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN* and LEHMAN, JJ.

THOMAS, Justice.

Joseph Steven Sindelar (Sindelar) asserts as error the refusal of the trial court to give a requested instruction on the crime of reckless endangering as a lesser included offense of the crime of aggravated assault and battery. Sindelar requested an instruction on the lesser included offense at his trial on five counts of aggravated assault and battery; two counts of furnishing alcohol to minors; and one count of possession of a controlled substance. The lesser included offense in-

* Chief Justice at time of expedited conference.

struction was requested on the premise that the elements of reckless endangering when a firearm is involved are established by WYO. STAT. § 6–2–504(b) (1988). We hold that the elements of reckless endangering, even when a firearm is involved, are to be found in the definition of the offense set forth in WYO. STAT. § 6–2–504(a) (1988). That definition includes an element not found in the elements of aggravated assault articulated in WYO. STAT. § 6–2–502 (1988), and under our holding in *State v. Keffer*, 860 P.2d 1118 (Wyo.1993), the requested instruction properly was refused. The Judgment and Sentence entered in the trial court must be affirmed.

In his Brief of Appellant, Sindelar states this issue:

> Should the district court have instructed the jury that "reckless endangering" in violation of W.S. § 6–2–504(b) is a lesser included offense of "aggravated assault" in violation of W.S. § 6–2–502(a)(iii)?

The State of Wyoming, in its Brief of Appellee, addresses the same issue, in this way:

> Whether the trial court properly refused to instruct the jury that reckless endangering is a lesser included offense of aggravated assault?

The scenario out of which Sindelar's prosecution arose commenced in the summer of 1994. Sindelar, who was addicted to methamphetamine, met the victim at a party in Casper. After several dates, Sindelar stopped by the victim's home on August 27, 1994 to ask her if she would help change the transmission filter on his pickup. At that time, Sindelar suggested that, since the victim's children were starting school the following Monday, the victim and he should take them swimming in Thermopolis the next day. In the early morning hours of August 28th, Sindelar, the victim, and her two children left Casper in Sindelar's pickup en route to Thermopolis.

The journey was marked by continual conflict between Sindelar and the victim, mostly over the condition of Sindelar's pickup. At a rest stop, Sindelar complained that someone had been "messing with his car." Later, they stopped to visit a cousin of the victim in Riverton, and Sindelar complained at least two more times that someone had been "messing with his car." From Riverton, they continued to Thermopolis to spend the day swimming. After the pool closed at about 9:00 p.m., the victim drove Sindelar's pickup through the Wind River Canyon toward Shoshoni. Sindelar became agitated, expressing concern that the victim was "a cop," and she was driving too slowly. Becoming even more agitated, Sindelar fired his .357 pistol out of the open window of the pickup. Ultimately, he had the victim pull over on a dirt road so that he could drive. After Sindelar had driven the pickup a few miles, he stopped so he could sniff some methamphetamine.

When the vehicle stopped, the victim's daughter jumped out of the pickup and started to run away. At that juncture, Sindelar pointed the .357 pistol at the victim's son, telling him to get his sister back in the truck or he would kill their mother. The daughter then returned to the pickup. Sindelar stopped at a convenience store in Shoshoni to fill the pickup with gas, and while he was pumping the gas, the victim and her children went into the convenience store. The victim wrote "Help" on a piece of paper, and handed it to the clerk, who then called for law enforcement assistance. A police officer arrived while Sindelar was still filling the pickup, and at that time, the police officer discovered methamphetamine in Sindelar's pickup. Sindelar was arrested.

Sindelar then was charged with five counts of aggravated assault and battery in violation of WYO. STAT. § 6–2–502 (1988),[1] two counts of furnishing alcohol to minors, and one count of possession of a controlled substance. At trial, Sindelar asked for a jury instruction on reckless endangering, as proscribed by

---

1. WYO. STAT. § 6–2–502 (1988) provides, in pertinent part:

 (a) A person is guilty of aggravated assault and battery if he:
 * * *

 (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another[.]

WYO. STAT. § 6–2–504 (1988),[2] asserting it to be a lesser included offense of aggravated assault and battery. The trial court refused the proposed instruction, relying upon *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The court ruled there were different elements in the two statutory offenses, and the lesser included offense instruction was not appropriate. The jury then found Sindelar guilty of one count of aggravated assault and battery and one count of possession of a controlled substance. Sindelar was sentenced to a term of not less than four, nor more than seven, years in the state penitentiary,[3] and he appeals from the Judgment and Sentence.

The instruction the trial court gave the jury on the elements of the crime of aggravated assault and battery proscribed by WYO. STAT. § 6–2–502(a)(iii) was as follows:

1. The defendant, Joseph Steven Sindelar,

2. on or about August 29, 1994,

3. in Fremont County, Wyoming,

4. threatened to use a drawn deadly weapon (a gun)

5. on [the victim]

6. when it was not reasonably necessary to defend his person, property or abode or to prevent serious bodily injury to another.

The instruction given follows the format suggested by the *Wyoming Criminal Pattern Jury Instructions* 25.02(c) (1996). The instruction Sindelar proposed for the lesser included offense reads:

1. That on or about August 29, 1994,

2. In Fremont County, Wyoming,

3. The Defendant, Joe Sindelar,

4. Pointed a firearm in the direction of another, regardless of whether Joe Sindelar believed the firearm was loaded, and,

5. Pointing the firearm was not reasonably necessary in defense of his person, property or abode, or to prevent serious bodily injury to another.

■ We hold that the offense of reckless endangering as defined in WYO. STAT. § 6–2–504 is not a lesser included offense of aggravated assault and battery as defined in WYO. STAT. § 6–2–502. We acknowledge that the failure to give a lesser included offense instruction, when appropriate, implicates the right of the accused to due process of law. *State v. Keffer*, 860 P.2d 1118, 1132 (Wyo. 1993). Reversible error results from the failure to give a lesser included offense instruction when such an offense exists, and the evidence presented would support conviction upon that offense. *Paramo v. State*, 896 P.2d 1342, 1344 (Wyo.1995). The determination of the existence of a "necessarily included" offense pursuant to WYO. R. CRIM. P. 31(c) is a question of law which justifies *de novo* review. *Keffer*, 860 P.2d at 1137; *Paramo*, 896 P.2d at 1344.

■ We have established the standard for identifying the existence of a lesser included offense by reliance upon the statutory elements test:

> Under this test, one offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under [Wyoming Criminal Rule 31(c) ].

*Keffer*, 860 P.2d at 1134 (quoting *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). *Jackson v. State*, 891 P.2d 70, 73 (Wyo.1995).

In applying the statutory elements test of *Keffer* to this case, we hold that it is not satisfied. The elements of reckless endangering are set forth in WYO. STAT. § 6–2–

---

2. WYO. STAT. § 6–2–504 (1988) provides, in pertinent part:

(a) A person is guilty of reckless endangering if he recklessly engages in conduct which places another person in danger of death or serious bodily injury.

(b) Any person who knowingly points a firearm at or in the direction of another, whether

or not the person believes the firearm is loaded, is guilty of reckless endangering unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another.

3. Apparently, this sentence was imposed for both charges on which Sindelar was found guilty.

504(a). An examination of *Wyoming Criminal Pattern Jury Instructions* 25.04(a) (1996) demonstrates that "recklessly" is one of the elements of the offense. WYO. STAT. § 6–2–504(b) does not define a separate offense, but simply structures as a matter of statute one way of violating WYO. STAT. § 6–2–504(a), as well as establishing a defense in that specific instance. The instruction given by the trial court relating to aggravated assault and battery is a correct instruction, and it is clear that it does not encompass an element of "recklessly." Because the offense proscribed in WYO. STAT. § 6–2–504 encompasses an element that is not included in the elements of aggravated assault and battery as defined in WYO. STAT. § 6–2–502, the test articulated in *Keffer* is not satisfied. The trial court correctly refused the instruction on reckless endangerment.

Sindelar misconstrues the thrust of WYO. STAT. § 6–2–504, as the *Wyoming Criminal Pattern Jury Instructions* apparently have. In the latest revision of the Wyoming criminal statutes, the MODEL PENAL CODE had an important role although it was not faithfully followed. The MODEL PENAL CODE defines reckless endangering as:

A person commits a misdemeanor if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. Recklessness and danger **shall be presumed** where a person knowingly points a firearm at or in the direction of another, whether or not the actor believed the firearm to be loaded.

MODEL PENAL CODE § 211.2 (1962) (emphasis added).

The offense defined in WYO. STAT. § 6–2–504(a) is identical to the offense defined in § 211.2 of the MODEL PENAL CODE. What is described as a presumption of violation by the second sentence of § 211.2 of the MODEL PENAL CODE is captured in WYO. STAT. § 6–2–504(b).

In *Matter of ALJ*, 836 P.2d 307 (Wyo. 1992), we declined to examine our reckless endangering statute in light of the MODEL PENAL CODE. The issue there, however, was whether a person actually needed to put another in danger to be convicted of reckless endangering. The particular language of the MODEL PENAL CODE, as construed by some courts, was in conflict with Wyoming's statutory language on that specific issue. Our decision in this case is consistent with our earlier decision in *Matter of ALJ*. We noted there that WYO. STAT. § 6–2–504(b) was almost identical to the second sentence of the MODEL PENAL CODE § 211.2, which articulates the concept of a presumption of recklessness and danger in the pointing of a firearm. *Matter of ALJ*, 836 P.2d at 310. We distinguished other cases which had reached the conclusion that this definition did not foreclose a requirement that the actual danger included consideration of whether the firearm was loaded.

If anything, *Matter of ALJ* simply attaches some gloss to the definition of "recklessly" found in WYO. STAT. § 6–1–104(ix) (1988), which states:

A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that the harm he is accused of causing will occur, and the harm results. The risk shall be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation[.]

In *Matter of ALJ*, the requisite harm resulting as required by the statutory definition was the harm involved in generating a dangerous situation in which, "[t]he unknown and frequently violent reactions of persons having guns pointed at them, unloaded or not * * * that create an obvious danger." 836 P.2d at 310.

 While the issue is not directly involved in this case, we perceive that it is important to advise our practitioners and our trial bench that, when the offense of reckless endangering is presented in a case, the proper elements instruction is one defining the elements as found in WYO. STAT. § 6–2–504(a). One of the elements of that offense is that it be done "recklessly." If the factual situation then involves the pointing of a firearm, the jury also should be instructed simply in the statutory language of WYO. STAT. § 6–2–504(b).

In summary, the offense of reckless endangering encompasses an additional element that is not included in the elements of aggravated assault and battery. Applying the test articulated in *Keffer*, the giving of the requested lesser included offense instruction would have been improper. No error occurred in the refusal of the trial court to give it even though the trial court relied upon *Blockburger* rather *Keffer*.

The Judgment and Sentence entered in the trial court is affirmed.