Andrew J. JOHNSON, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97-314.

Supreme Court of Wyoming.

Dec. 22, 1998.

Rehearing Denied Jan. 12, 1999.

Andrew J. Johnson, pro se, for Appellant(Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Bryan A. Skoric, Assistant Attorney General, for Appellee(Plaintiff).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

LEHMAN, Chief Justice.

Andrew J. Johnson (Johnson) seeks review of a district court order which denied his motion to expunge two 1984 convictions for delivery of a controlled substance. Because the district court does not have power to expunge Johnson's convictions, we affirm the district court's order.

## ISSUES

Johnson presents the following issue for our review:

Did the trial court improperly deny appellant's motion to expunge from the criminal history record the delivery of controlled substance pursuant to W.S. § 35-7-1031(a)(ii), 1977?

Appellee, State of Wyoming, rephrases the issue:

Whether the district court properly denied appellant's motion to expunge criminal history record.

## FACTS

In January 1984, Johnson was charged with two counts of delivery of a controlled substance in violation of W.S. 35-7-1031(a)(ii) (1977). At the trial on these charges, the

* Chief Justice at time of expedited case confer-    ence; retired November 2, 1998.

jury was instructed on the lesser-included offense of possession. The jury returned "guilty" verdicts on four counts: the two charged delivery counts and the two lesser-included possession offenses. Recognizing the inconsistency in this verdict, the trial judge polled the jury and determined that its members intended that Johnson be convicted of the delivery charges. The trial judge corrected the verdict error by nullifying the verdicts on the two lesser-included possession offenses. Johnson's convictions on the two delivery charges were affirmed on direct appeal. *Johnson v. State*, 695 P.2d 638 (Wyo.1985).

On October 6, 1997, Johnson filed with the district court a "Motion to Expunge From the Criminal History Record the Delivery of Controlled Substance Pursuant to W.S. 35-7-1031(a)(ii)." The district court denied Johnson's motion, and Johnson filed a timely notice of appeal.

### DISCUSSION

■ Johnson argues that the district court erred in refusing to expunge his delivery convictions.[1] However, in *Billis v. State*, 800 P.2d 401, 416 (Wyo.1990), this court wrote:

> Where the court finds no legal error on which to reverse a final judgment of conviction, the court has no inherent power to expunge that judgment for the purpose of restoring the defendant's civil rights or of alleviating the defendant's fear of being classified as a habitual criminal in the event he commits further offenses. Because expungement of a final judgment of conviction has the effect of a pardon and the pardoning power belongs exclusively to the executive department, the judicial department's exercise of an expungement power would be a constitutionally impermissible encroachment on the executive department's pardoning power. *Stanton v. State*, 686 P.2d 587, 589 (Wyo.1984).

■ In 1985, this court found no legal error in Johnson's convictions. *Johnson v.*

*State*, 695 P.2d 638. Therefore, as *Billis* instructs, Wyoming courts simply do not have the inherent power to expunge Johnson's convictions. Furthermore, although the Wyoming district courts have been given the power to expunge certain juvenile matters, *see* W.S. 14-6-241 (1997), the legislature has not authorized expungement of criminal records in cases such as this. *Stanton v. State*, 686 P.2d 587, 589 (Wyo.1984). Because the district court does not have the inherent or statutory power to expunge Johnson's convictions, its order denying Johnson's motion for expungement is affirmed.

---

1. Relying on *United States v. Werme*, 939 F.2d 108 (3rd Cir.1991), Johnson argues that a defendant cannot be convicted of an offense that was not charged. We note that Johnson was charged with, and convicted of, delivery.