2001 WY 9

**Gregg James OLER, Appellant (Defendant),**

v.

**UNITED STATES of America, Appellee (Plaintiff).**

**No. 00–20.**

Supreme Court of Wyoming.

Feb. 1, 2001.

**28**

Representing Appellant: Richard R. Jamieson, Casper, WY.

Representing Appellee: David D. Freudenthal, United States Attorney; and Lisa E. Leschuck, Assistant United States Attorney.

Representing the Attorney General of the State of Wyoming as Amicus Curiae: Gay Woodhouse, Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Paul S. Rehurek, Deputy Attorney General.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

THOMAS, Justice.

[¶ 1]   In this case, the Court, pursuant to a Notice of Agreement to Answer Certified Questions, in accordance with Wyo. Stat. Ann. §§ 1–13–104 through 1–13–107 (Lexis 1999) and W.R.A.P. 11, agreed to answer the following questions certified to this Court by the United States District Court for the District of Wyoming, the Honorable William F. Downes presiding:

> 1.   If a defendant was sentenced pursuant to the provisions of Wyo. Stat. Ann. § 7–13–203 (Michie 1977) and later discharged from probation after having served 30 months of a five year term of probation, was the defendant "convicted" or otherwise adjudicated guilty of the underlying crime?
>
> 2.   If the answer to the foregoing question is "yes," did Wyo. Stat. Ann. § 7–13–203 (Michie 1977) operate automatically to expunge the record of a felony conviction?

We answer the first certified question in the negative, and in the interest of a complete resolution of the case, we also answer the second question in the negative.

■   [¶ 2]   In its Certification Order, the United States District Court, in accordance with W.R.A.P. 11.03, set forth the undisputed facts and the nature of the controversy as:

> An indictment was filed in United States District Court for the District of Wyoming on November 20, 1998, naming Gregg James Oler as the defendant. The indictment contains two charges, where Oler is alleged to be a person having been previously convicted of a crime punishable by a term of imprisonment exceeding one year with knowingly, intentionally, and unlawfully possessing firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).
>
> The predicate offense upon which the United States asserts the Defendant is a felon was entered by a Wyoming state court, specifically, a Judgment and Sentence in the Eighth Judicial District Court filed on April 29th, 1985. There, Oler entered a plea of guilty to the charge of delivery of a controlled substance, marijuana, in violation [of] Wyo. Stat. § 35–7–1031(a)(ii). Judge Taylor sentenced Oler to not less than eighteen (18) months nor more than two (2) years in the Wyoming State Penitentiary. That sentence was suspended and the Defendant was placed upon probation for a period of five (5) years pursuant to Wyo. Stat. § 7–13–203. On November 6, 1987, Mr. Oler's probation officer filed a Petition for Discharge of Probation. On November 6, 19[8]7, an

Order of Discharge from Probation was signed by Judge Taylor and filed in the court records.

[¶ 3] In addition, we are taught by the record that at the sentencing hearing, counsel for Gregg James Oler (Oler) said to the trial court, "I would recommend that sentence in this matter be suspended pursuant to Wyoming Statute 7–13–203, and Mr. Oler [be] placed on supervised probation." The trial court then stated:

Mr. Oler, I am going to accept the advice of your counsel the recommendation, that is, and sentence you under the terms of 7–13–203. So, Mr. Oler, it is going to be the judgment and sentence of this Court that you serve a term of not less than 18 months nor more than two years at the Wyoming State Penitentiary at Rawlins. However, I am going to suspend the imposition of that sentence and permit you to go at large and be paroled for a period of five years pursuant to the provisions of Section 7–13–203.

There is no question that it was the intention of the trial court, supported by counsel for Oler and apparently counsel for the State, that Oler would be sentenced pursuant to the provisions of Wyo. Stat. Ann. § 7–13–203 (Michie 1977), and would receive the benefit of such a disposition.

[¶ 4] In 1985, Wyo. Stat. Ann. § 7–13–203 provided:

If any person is found guilty of or pleads guilty to any felony except murder, sexual assault in the first or second degree or arson of a dwelling house or other human habitation in the actual occupancy of a human being, the court shall ascertain whether the offense of which the accused is guilty is his first offense, the extent of moral turpitude involved in the act committed, and other facts and circumstances relating to the accused as he may desire to know. If the court is satisfied that he was a person of good reputation before the commission of the offense charged and had never before been convicted of any felony, and that if permitted to go at large would not again violate the law, the court may in its discretion, by an order entered of record, delay passing sentence and then pa-

role the person and permit him to go at large upon his own recognizance, conditioned that he will personally appear and report to the court twice in each year at times and places fixed in the order and that he will demean himself while at large in a law-abiding manner and live a worthy, respectable life, and that he will not leave the state without the consent of the court. The court, if satisfied at the time of appearance, that the person has demeaned himself in a law-abiding manner and lived a worthy, respectable life, may by an order of record, continue parole for the period of five (5) years, at the expiration of which the court shall enter an order finally discharging the person, and no further proceedings shall be had upon such verdict or plea. At any time after the expiration of one (1) year from the date of the original parole the court shall have the power in its discretion to terminate parole and finally discharge the person and annul the verdict or plea of guilty. At any time before the final discharge of the person that the court believes that the paroled person has attempted to leave the state or failed to comply with the terms of his parole the court shall cause a warrant to issue for the apprehension and arrest of the person and require him to be brought before the court. The court shall inquire into his conduct since his parole, and if satisfied from the inquiry that the person has violated the terms of his parole and recognizance, the court may impose sentence upon the verdict or plea against him in the manner and to the same extent as though the passing of sentence had not been delayed and the person had not been paroled or permitted to go at large.

[¶ 5] The record establishes that the trial court followed the statutory standards, but despite the stated intention of the trial court, instead of delaying the passing of sentence, the trial court specifically sentenced Oler to a term in the state penitentiary. The execution of that sentence was suspended and, following the suspension of sentence, the Judgment and Sentence provided, "that the Defendant be placed on supervised probation for a period of five (5) years pursuant to

Wyoming Statute § 7–13–203 upon the following terms and conditions." The record discloses an inconsistency if not a conflict between the clear intention of the trial court to invoke the statute and the imposition of a sentence for a term of years.

[¶ 6] In pursuing its prosecution of Oler, the United States relied upon the equivocal nature of the state court record and also upon proceedings at Oler's change of plea hearing, which was held on January 18, 1985. The United States argues here that because of the circumstances disclosed in the record in the state district court, Oler was convicted of the charge of felony delivery of marijuana. Based upon that conclusion, the United States also argues that the conviction was not automatically expunged because the court must deal affirmatively with the annulment of the plea of guilty.

[¶ 7] The disposition disclosed in this record did not comport with the correct application of the statute, as this Court explained that application in *Billis v. State*, 800 P.2d 401, 412 (Wyo.1990). In proceedings arising in the courts of Wyoming, we have a precedent for resolving similar cases by treating the sentence and any suspension of the sentence as surplusage. *Kahlsdorf v. State*, 823 P.2d 1184, 1189–90 (Wyo.1991); *Laing v. State*, 746 P.2d 1247, 1250 (Wyo.1987); *King v. State*, 720 P.2d 465, 469 (Wyo.1986). If the case were here for review, it is clear that we would hold that Oler had not been convicted under these circumstances. Since the trial court specifically articulated its intention that Oler should receive the benefit of this Wyoming statute, we, consistently with our treatment in the cases cited, answer the first certified question, "No." In our judgment, Oler was not "convicted" or otherwise adjudicated guilty of delivery of a controlled substance.

[¶ 8] We turn then to the second certified question as we have designated it. In *Billis*, 800 P.2d at 423, after comparing the new statute with the old, this Court said:

> Probation before entry of judgment is not a punitive sanction. It is an opportunity for rehabilitation before sentencing. The probationer is not an adjudicated convict. If probation is successfully completed, the probationer may be discharged without adjudication of guilt.

It is apparent that the statute does not serve automatically to expunge Oler's record. The expungement of a criminal record is an extraordinary form of relief and can only be recognized where the legislature has specifically provided for it. *Stanton v. State*, 686 P.2d 587, 589 (Wyo.1984). We consistently have ruled that courts have no inherent power to expunge criminal records. *Johnson v. State*, 971 P.2d 973, 974 (Wyo.1998); *Billis*, 800 P.2d at 416; *Stanton*, 686 P.2d at 588–89. It follows that under the statute that was invoked for Oler's sentencing, expungement does not occur either automatically or by court order.

[¶ 9] While our discussion in *Billis* explains that some of the awkward language in the earlier statute was repaired in 1987, the statute still does not result in an automatic expungement. In *Dickson v. State*, 903 P.2d 1019, 1025–26 (Wyo.1995), a case under the newer form of the statute, we reversed an order of the trial court revoking probation because the trial court had sentenced Dickson without first imposing a judgment of conviction on the no contest that had been entered. It is evident that the plea entered in the case is still viable until it is annulled at the discretion of the trial court. Under the statute, discharge from the order of probation does not automatically result in either expungement or the annulment of the plea of guilty. Since no action in that regard was taken by the trial court at the time the Order of Discharge from Probation was entered, Oler's plea has not been annulled. Oler could file a petition in the trial court seeking such an annulment, which could be afforded at the discretion of the trial court. Until that occurs, however, Oler has entered a plea of guilty to the offense of delivery of a controlled substance, but lacking a judgment of conviction, he has not been convicted of that offense.

[¶ 10] In summary, we answer the first certified question, "No," because Oler has not been convicted or otherwise adjudicated guilty of the crime with which he was charged in the state court. We further answer the second certified question, "No,"

because the statute does not provide for expungement, although it does permit the annulment of the plea at the discretion of the trial court.