2001 WY 31

**In the Interest of MJS, a minor:**

**MJS, Appellant (Defendant),**

v.

**The State of Wyoming, Appellee (Plaintiff).**

No. C–00–6.

Supreme Court of Wyoming.

March 26, 2001.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Ryan R. Roden, Assistant Appellate Counsel. Argument by Mr. Roden.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and T. Alan Elrod, Assistant Attorney General. Argument by Mr. Elrod.

Before LEHMAN, C.J., and GOLDEN, HILL, and KITE, JJ.

LEHMAN, Chief Justice.

[¶ 1] Appellant MJS appeals from the order the trial court entered after it found MJS guilty of attempted shoplifting.

[¶ 2] We affirm.

### ISSUES

[¶ 3] MJS presents two issues for our consideration:

[1] Whether the district court erred when it found Appellant to have committed the crime of attempted shoplifting, when the prosecution had not particularly and specifically charged Appellant with attempted shoplifting, nor had asked the court to amend the juvenile petition alleging delinquent act?

[2] Whether the district court erred when it, *sua sponte*, found that appellant had committed the offense of attempted shoplifting, an offense that had not been alleged in the juvenile petition, as said *sua sponte* finding amounts to an amendment to the juvenile petition, in obvious violation of the separation of powers doctrine stated in Wyo. Const. art. 2, § 1?

### FACTS

[¶ 4] MJS and three of her friends were "cruising around town" on February 14, 1999, in Newcastle, Wyoming. One of the girls needed to find a telephone to check in with her parents. The friends decided they would go to a local convenience store and use the telephone. On the way, MJS and one of the other girls hatched a plan where MJS's friend would try to distract the store clerk so that MJS could steal a pack of cigarettes.

[¶ 5] When they arrived at the convenience store, three of the girls entered. One called her mother on the telephone, and another proceeded to the restroom in the back of the store. The girl in the restroom summoned the clerk by telling her that the toilet

was overflowing. While the clerk was busy checking out this subterfuge, MJS took a pack of cigarettes. As she did so, however, she noticed that someone had arrived in the parking lot and had seen her take the cigarettes. This encouraged MJS to put the cigarettes back and to leave the store. The customer who witnessed MJS take the cigarettes informed the clerk who called the police. The State subsequently filed a Juvenile Petition Alleging a Delinquent Act, asserting that MJS had shoplifted a pack of cigarettes.

[¶ 6] The case went before a judge in a bench trial. Although the trial court did not find MJS guilty of shoplifting, it did find her guilty of attempted shoplifting and adjudged her a delinquent child. MJS appeals from this decision.

## STANDARD OF REVIEW

■ [¶ 7] The issue of whether the trial court's decision to convict MJS of the lesser-included offense was erroneous is a question of law. *Sindelar v. State*, 932 P.2d 730, 732 (Wyo.1997).

> Conclusions of law made by the district court under Rule 52(a) are not binding upon this court and are reviewed de novo. *Shores [v. Lindsey ]*, 591 P.2d [895,] 900 [(Wyo.1979)].... "Findings of fact of the trial judge can also lose the insulation of the clearly erroneous standard if they are induced by an erroneous view of the law, *United States v. United States Gypsum Co.*, 333 U.S. at 394, 68 S.Ct. at 541; and *United States v. Richberg*, 398 F.2d 523 ( [5th Cir.] 1968), or contain factual and legal conclusions that reflect the application of an improper legal standard." *Shores*, 591 P.2d at 899–900.

*Cross v. Berg Lumber Co.*, 7 P.3d 922, 928 (Wyo.2000) (quoting *Hopper v. All Pet Animal Clinic, Inc.*, 861 P.2d 531, 538–39 (Wyo. 1993)).

## DISCUSSION

■ [¶ 8] MJS limits her challenge to whether the trial court violated the separation of powers doctrine by *sua sponte* finding her guilty of attempted shoplifting when the juvenile petition did not include such a charge nor was ever amended to include such a charge. We will confine our discussion of the case accordingly.

[¶ 9] Wyoming's Rules of Criminal Procedure apply to juvenile proceedings to the extent that they are not inconsistent with Wyoming's Juvenile Court Act:

> (a) *Scope.*—Except as provided in Rule 54, these rules govern the procedures to be followed in all criminal proceedings in all Wyoming courts. When not inconsistent with the Juvenile Court Act, these rules shall also apply in delinquency proceedings. In the event that a procedure is not established by these rules, the Wyoming Rules of Civil Procedure shall govern.

W.R.Cr.P. 1(a). W.R.Cr.P. 54(b) further provides:

> (b) *Juvenile Proceedings.*—Unless inconsistent with the Juvenile Court Act these rules shall apply in all juvenile cases involving allegations that a child is in need of supervision or delinquent.

[¶ 10] The trial court relied heavily upon W.R.Cr.P. 31(c) in rendering its decision. That provision reads:

> (c) *Conviction of Lesser Offense.*—The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

[¶ 11] Our review of Rule 31(c) convinces us that it is not inconsistent with the Juvenile Court Act. The Juvenile Court Act addresses neither lesser-included nor attempted offenses. We find guidance on this issue by comparing the circumstances of this case to the jury instruction phase of a jury trial. After a jury trial, the jury can be instructed on lesser-included offenses despite the fact that those offenses may not have been formally charged. In a bench trial, a judge obviously is not instructed on the law because he or she is already informed on such matters. *See, e.g., Johnson v. State*, 971 P.2d 973, 973–74 (Wyo.1998). That difference in procedure, however, does not prevent a judge from being able to consider lesser-

included or attempted offenses in making the final adjudication.

[¶ 12] The Legislature intended for the rules of criminal procedure to supplement the Juvenile Court Act where the two were not in conflict. · W.R.Cr.P. 31(c) does not conflict with the Juvenile Court Act, and we find no error in a trial court's reliance on that provision to find juvenile defendants guilty of lesser-included or attempted offenses even if they were not originally charged.

[¶ 13]   Affirmed.